## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § | |
| | § | Civil Action No. 6:14-cv-251-LED |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| v. | § § | |
| APPLE, INC., et al., | § § | |
| Defendants. | § | |

## DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

### I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Apple Inc.; AT&T Mobility LLC; Verizon Communications, Inc.[1]; Cellco Partnership d/b/a Verizon Wireless; Sprint Corporation[2]; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc (collectively, "Defendants") hereby jointly move to dismiss Plaintiff Cellular Communications Equipment LLC's ("CCE") claims of induced infringement, contributory infringement, and willful infringement for failure to state a claim. CCE's claims in the Second Amended Complaint ("SAC") are threadbare recitals of the elements of the causes of action, supported by mere conclusory statements, and devoid of factual allegations. As a result, CCE's

---

[1] Cellular Communications Equipment LLC's Second Amended Complaint misidentifies Verizon Communications Inc. as Verizon Communications, Inc.
[2] Sprint Corporation is not a proper party to this action and was previously dismissed from the prior complaint by stipulation of the parties.

allegations are insufficient to put Defendants on notice of the bases for CCE's claims of infringement.[3]

First, CCE's allegations of inducing infringement fail to sufficiently allege facts as to any of the three requisite elements, and its claims for inducing infringement of the patents therefore fail on three independently sufficient grounds.   CCE similarly fails to meet any of the four requirements for pleading its contributory infringement claims, as the SAC fails to sufficiently allege direct infringement by a third party, knowledge of the patents, that the accused "component" has no substantial noninfringing uses, and that the accused "component" is a material part of the invention.  Finally, CCE's allegations of willful infringement are nothing more than a tacked-on, formulaic recitation of the willful infringement standard, devoid of any factual basis.   It is thus impossible for Defendants to properly investigate and defend against CCE's claims.    CCE's claims of induced infringement, contributory infringement, and willful infringement should be dismissed.

## II.   CCE'S INFRINGEMENT ALLEGATIONS

The SAC alleges direct infringement of five United States patents.  SAC at 1.  CCE also alleges indirect infringement—by inducing infringement and/or contributing to infringement, *e.g.*, SAC ¶ 21—of four of the patents.  CCE also alleges willful infringement of four of the patents, three of which overlap with the allegations of indirect infringement:

---

[3] CCE's SAC is similar to other complaints CCE previously filed in this district regarding some of the same patents asserted in this case.  *See*, *e.g.*, *Cellular Commc'ns Equip. LLC v. HTC Corp. et al.*, E.D. Tex. Case No. 6:12-cv-507-LED, ECF No. 92.  While, as compared to prior pleadings, CCE has added some superficial language to the SAC in this case, the same deficiencies remain, as discussed below.

| | Indirect infringement alleged | Willful infringement alleged |
|---|---|---|
| Count 1: U.S. Patent No. 6,377,804 | X | |
| Count 2: U.S. Patent No. 6,819,923 | | X |
| Count 3: U.S. Patent No. 7,215,962 | X | X |
| Count 4: U.S. Patent No. 7,941,174 | X | X |
| Count 5: U.S. Patent No. 8,055,820 | X | X |

## A.   Indirect Infringement

CCE's allegations of indirect infringement of the '804, '962, '174, and '820 Patents consist

of the following nearly identical boilerplate accusations:

> Defendants . . . have and continue to directly and/or indirectly
> infringe (by inducing infringement and/or contributing to
> infringement) one or more claims of the . . . patent . . . by or through
> their making, having made, offering for sale, selling, importing,
> and/or use of [the accused products].

SAC ¶¶ 21, 33, 43, 59, and 73.

> Defendants are liable for indirect infringement of the . . . patent
> because they induce and/or contribute to the direct infringement of
> the patent by their customers and other end users who use the
> [accused products] to practice the claimed methods.

SAC ¶¶ 22, 45, 61, and 75.

> Despite having knowledge of the . . . patent, Defendants named in
> this Count have specifically intended and continue to specifically
> intend for persons who acquire and use the [accused products],
> including Defendants' customers, to use such devices in a manner
> that infringes the [patent]. This is evident when Defendants
> encourage and instruct customers and other end users in the use and
> operation of the [accused products].

SAC ¶¶ 24, 47, 63, and 77.

> In particular, despite having knowledge of the . . . patent,
> Defendants have provided, and continue to provide, instructional
> materials, such as user guides, owner manuals, and similar online
> resources (available via http://support.apple.com/manuals/, for
> instance) that specifically teach the customers and other end users to
> use the [accused products] in an infringing manner. By providing
> such instructions, Defendants know (and have known), or should

3

> know (and should have known), that their actions have, and continue to, actively induce infringement.

SAC ¶¶ 25, 48, 64, and 78.

> Additionally, Defendants named in this Count know, and have known, that the [accused products] include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the . . . patent and are not staple articles of commerce suitable for substantial non-infringing use.

SAC ¶¶ 26, 49, 65, and 79.

### B.    Willful Infringement

CCE's allegations of willful infringement of the '9923, '962, '174, and '820 Patents

similarly consist of mere boilerplate language:

> On information and belief, each Defendant is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization. 3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here. The . . . patent is one such patent, and Defendants have known of the . . . patent at least as early as . . . 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

SAC ¶¶ 35, 46, 62, and 76.

> On information and belief, despite having knowledge of the . . . patent and knowledge that they are . . . infringing one or more claims of the . . . patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the . . . patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

SAC ¶¶ 36, 50, 66, and 80.

III.    **LEGAL STANDARD**

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires that every pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). Furthermore, claims for indirect infringement are required to meet the pleading threshold governed by the Supreme Court's holdings in *Twombly* and *Iqbal*. *In re Bill of Lading Transmission and Processing System Patent Lit.*, 681 F.3d 1323, 1336–37 (Fed. Cir. 2012), citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Claims for willful infringement are also subject to this pleading threshold. *FuzzySharp Technologies Inc. v. Nvidia Corp.*, 12-CV-06375-JST, 2013 WL 4766877, at *2 (N.D. Cal. Sept. 4, 2013).

Under the *Twombly* and *Iqbal* analysis, there are two steps in determining whether a pleading is sufficient. *See Iqbal*, 556 U.S. at 679. *First*, a court identifies the allegations that are not entitled to the presumption of truth, which includes any allegations that are "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory." *Id.* at 679–81. *Second*, a court examines the remaining "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted). A complaint will not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Merely pleading the "bare elements of [a] cause of action" will result in dismissal. *Id.* at 686.

## IV.     ARGUMENT

### A.     The Indirect Infringement Claims Should Be Dismissed

Indirect infringement includes induced infringement and contributory infringement. Pleadings for such claims must comply with the requirements articulated in *Twombly* and *Iqbal*. *Bill of Lading*, 681 F.3d at 1336–37.

#### 1.     CCE's SAC Fails to Plead a Claim for Induced Infringement

For a claim of induced infringement to survive a motion to dismiss, the complaint must: (1) adequately plead direct infringement, (2) contain facts plausibly showing that the accused infringer specifically intended for that third party to infringe the asserted patents, and (3) contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013) (citing *Bill of Lading*, 681 F.3d at 1339). CCE fails to adequately plead either of the latter two elements, with each failure providing an independent basis for dismissal.

*First*, CCE has failed to adequately plead the underlying direct infringement required to support a claim for induced infringement. As the Supreme Court recently made clear in *Limelight Networks, Inc. v. Akamai Techs., Inc.*, liability for inducement must be predicated on direct infringement by a single entity. *Id.*, No. 12-786, 2014 WL 2440535, at *1, __ U.S. __ (2014). Here, CCE fails to allege that each step of any asserted claim is performed by a single entity. CCE simply alleges that "persons who acquire and use the [accused] Devices, including Defendants' customers . . . use such devices in a manner that infringes the . . . patent." SAC ¶¶ 25, 48, 64, and 78. But a mere allegation that *persons* use devices *in a manner* that infringes is devoid of any factual support as to a single entity performing each and every step of an asserted claim. Thus,

CCE's conclusory statement fails to sufficiently allege the requisite underlying direct infringement to support its claim for induced infringement.

*Second,* CCE does not plead sufficient facts to support the Defendants' specific intent for a third party to infringe.  CCE's allegations regarding inducement state that Defendants "specifically intend for persons . . . to use [the accused] devices in a manner that infringes" the asserted patents because "Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources . . . that specifically teach the customers and other end users to use the [accused devices] in an infringing manner."  SAC ¶¶ 25, 48, 64, and 78. But this conclusory statement is insufficient to support an induced infringement claim.  *See U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 114309, at \*14 (E.D. Tex. Feb. 7, 2013) (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient).  The SAC thus fails to adequately plead a factual basis for specific intent to induce infringement, and the inducement claims should be dismissed.

*Third*, CCE's allegations of pre-suit knowledge of the patents are insufficient.  CCE alleges that "each Defendant is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization . . . and Defendants have known of the [each patent] . . . when it was disclosed to 3GPP via the European Telecommunications Standards Institute ('ETSI,' an organizational member of 3GPP)."  SAC ¶¶ 35, 46, 62, and 76.  Without adequately alleging why or how the Defendants received notice of the patents disclosed to ETSI, CCE merely speculates that Defendants had knowledge of these particular patents.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see Rembrandt Soc. Media, LP v. Facebook, Inc.*, No. 1:13cv158, 2013 WL 2950342, at *5 (E.D. Va. June 12, 2013) (where the allegations do not "give[] rise to anything more than a conceivable possibility of knowledge of the . . . patent, rather than a plausible inference that [Defendant] possessed such knowledge . . . the claims for indirect infringement based upon pre-suit knowledge must be dismissed."); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068–71 (induced infringement requires actual knowledge of the patent; constructive knowledge is insufficient); *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013) (same).

*Last,* the SAC fails to allege facts plausibly showing that Defendants knew that the third party's acts constituted infringement. "[T]he knowledge requirement for inducement refers to the inducer's knowledge of the induced ***third party's infringing acts***, not knowledge of an inducer's own inducing conduct." *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, (E.D. Tex. June 5, 2013) (ECF No. 74) (emphasis added); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). CCE's allegations are limited to the conclusory recital of elements, which fail to allege any facts plausibly showing that Defendants knew that any third party's act constituted infringement.

Having failed to sufficiently allege facts as to underlying direct infringement, Defendants' specific intent *and* Defendants' knowledge of the patents or alleged third-party infringement, CCE's claim for inducing infringement of the '804, '962, '174, and '820 Patents should be dismissed.

### 2.      CCE's SAC Fails to Plead a Claim for Contributory Infringement

Contributory infringement requires the sale, or offer for sale, of "a component of a patented machine . . ., or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ."  35 U.S.C. § 271(c).  Thus, a patent owner must establish: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention."  *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

CCE fails to meet each of these requirements for pleading contributory infringement. *First*, CCE insufficiently alleges direct infringement by a third party, as with induced infringement.  *See supra* Section IV(A)(1).  *Second,* CCE alleges only the speculative *possibility* of pre-suit knowledge of the '962, '174, and '820 Patents based on disclosure to ETSI.  *See id.* *Third* and *fourth*, CCE alleges no facts to support that the accused products have no substantial non-infringing use or that they are a material part of the invention.  At the pleading stage, "a plaintiff must, among other things, plead facts that allow an inference that the components . . . have no substantial non-infringing uses."  *Bill of Lading,* 681 F.3d at 1337.  "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement."  *Id.* at 1338.  A claim for contributory infringement that "does not identify the components used in the infringing method" and does not "allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses" must be dismissed.  *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012).  CCE's Complaint not only fails to identify the *particular* components allegedly used in an infringing method, as required; the Complaint does not even definitely allege *any* components

were a material part of the inventions of the asserted patents.  Instead CCE ambiguously alleges that "specific, intended functions, carried out by . . . hardware and software combinations, are a material part of the inventions[.]"   SAC ¶¶ 26, 49, 65, and 79.   CCE's bare recital of the contributory infringement elements is wholly conclusory and "not entitled to the assumption of the truth."  *Iqbal*, 556 U.S. at 608.

Yet, even if presumed true, CCE's conclusory statements should be negated as highly implausible as a matter of "common sense."  *Id*. at 679.  The accused devices—like all modern smartphones and tablet computers—obviously have a wide variety of non-infringing uses, and CCE has alleged nothing to overcome that common sense fact.   What's more, CCE's own allegations create the inference that the accused products have substantial non-infringing uses. *Digi*, 2013 U.S. Dist. LEXIS 114309, at *14 (dismissing a contributory infringement claim because "[plaintiff]'s allegation that customers infringe when they use operating systems and components in accordance with [defendant]'s *instructions* actually creates an inference that [the accused products] might otherwise be used in a non-infringing manner") (emphasis added).

For the reasons stated above, CCE's contributory infringement claims as to the '804, '962, '174, and '820 Patents should also be dismissed.

### B.        The Willful Infringement Claims Should Be Dismissed

To support a willfulness claim, a plaintiff must, at a minimum, establish two separate and independent elements: (1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  A willful infringement claim must be based on "particular facts" that demonstrate the basis for that allegation.  *InMotion Imagery Techs.,* 2012 WL 3283371, at *4.  "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement."  *Seagate*, 497 F.3d

at 1374.  "So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."  *Id.*

CCE's willful infringement allegations here (SAC ¶¶ 36, 50, 66, and 80) are nothing more than a recitation of the willful infringement standard, which is insufficient to sustain a claim.  *See, e.g.*, *Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013) (finding "an allegation, absent any supporting facts, insufficient to establish a willful infringement claim"); *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14–15 (E.D. Tex. May 23, 2011) (dismissing willful infringement claims despite allegations of pre-suit knowledge because willful infringement claims were "conclusory").

*First*, CCE's allegation that Defendants "continued their infringing conduct and disregarded an objectively high likelihood of infringement" (SAC ¶¶ 36, 50, 66, and 80), is a bare legal conclusion of the type expressly prohibited by *Iqbal*.  CCE fails to identify, explain, or allege any factual basis for the required "objectively high likelihood of infringement," and thus the claim is "insufficient to establish a willful infringement claim."  *Touchscreen Gestures,* 2013 U.S. Dist. LEXIS 97080, at *5.  *Second*, CCE similarly fails to allege that Defendants had the requisite subjective knowledge of the obviousness of the risk, whatever it might have been.  CCE's basis for alleging willfulness cannot be pre-suit knowledge of the asserted patents, because CCE insufficiently alleges only the speculative *possibility* of pre-suit knowledge of the '9923, '962, '174, and '820 Patents based on disclosure of the patents to ETSI.  SAC ¶¶ 35, 46, 62, and 76; *see also supra S*ection IV(A)(1).

It is impossible to speculate further what the basis for CCE's willfulness claim could be, which is precisely why the claim should be dismissed.  CCE's allegations are insufficient to put

Defendants on notice of the bases for its claims of willful infringement.  CCE's tacked-on willful infringement claim is merely "a formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678.  For the reasons stated above, it should also be dismissed.

## V.    CONCLUSION

Defendants respectfully request that the Court dismiss CCE's claims of indirect (both inducement and contributory infringement) and willful infringement for failure to state a claim upon which relief may be granted.

Dated:    June 4, 2014                              Respectfully submitted,

/s/ Christopher W. Kennerly
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
Jeffrey G. Randall
CA Bar No. 130811
jeffrandall@paulhastings.com
Paul Hastings LLP
1117 S. California Ave.
Palo Alto, CA  94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

**Attorneys for AT&T Mobility LLC**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles B. Molster, III
Virginia State Bar No. 23613
Thomas M. Dunham

D.C. Bar No. 448407
Corrine M. Saylor
D.C. Bar No. 997638 (*Pro Hac Vice*)
cmolster@winston.com
tdunham@winston.com
csaylor@winston.com
WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100

**Attorneys for Verizon Communications Inc. and
Cellco Partnership d/b/a/ Verizon Wireless**


SMITH WEBER, L.L.P.

/s/ Robert W. Weber
_____
Robert W. Weber
Texas State Bar No. 21044800
5505 Plaza Drive
P.O. Box 6167
Texarkana, TX 75505-6167
Tele: (903) 223-5656
Fax: (903) 223-5652
Email: bweber@smithweber.com


and

ROUSE HENDRICKS GERMAN MAY PC

/s/ Mark W. McGrory
_____
Mark W. McGrory          (*pro hac vice*)
1201 Walnut, 20th Floor
Kansas City, MO 64106
Tel: (816) 471-7700
Fax: (816) 471-2221
Email: MarkM@rhgm.com

**Attorneys for Defendants Sprint Solutions, Inc.,
Sprint Spectrum L.P., and Boost Mobile, LLC**



/s/ Melissa R. Smith
_____
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.

13

Marshall, TX 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

**Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.**

Of Counsel:

John C. Hueston
Douglas J. Dixon
IRELL & MANELLA LLP
840 Newport Center Dr., Ste. 840
Newport Beach, CA 92660
Phone: (949) 760-0991
Fax: (949) 760-5200
JHueston@irell.com
DDixon@irell.com

Ellisen S. Turner
Benjamin Haber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067
Phone: (310) 277-1010
Fax: (310) 203-7199
ETurner@irell.com
BHaber@irell.com

**Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.**

Mark C. Scarsi (admitted Pro Hac Vice)
Miguel Ruiz (admitted Pro Hac Vice)
Ashlee Lin (admitted Pro Hac Vice)
Michael Sheen (admitted Pro Hac Vice)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017-5735
Tel: (213) 892-4000
Fax (213) 629-5063
mscarsi@milbank.com
mruiz@milbank.com
ashlee.lin@milbank.com
msheen@milbank.com

Eric Findlay
efindlay@findlaycraft.com

14

FINDLAY CRAFT PC
102 N. College Avenue
Suite 900
Tyler, TX 75702
Phone:  (903) 534-1100
Fax: (903) 534-1137

**Attorneys for Defendant Apple Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 4th day of June, 2014.  As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Christopher W. Kennerly
Christopher W. Kennerly