**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION, ET AL.,<br>Defendants. | § § § § § § § § § § § | Case No. 6:13-cv-507 |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br>Plaintiff,<br><br>v.<br><br>APPLE, INC., ET AL.,<br>Defendants. | § § § § § § § § § § § | Case No. 6:14-cv-251 |

**ORDER**

The passage of the Leahy-Smith America Invents Act ("AIA"), which clarified the joinder requirements for cases alleging patent infringement, has resulted in a significant increase in the number of "serially" filed patent cases on the Court's docket. Similarly, the Federal Circuit's recent *In re EMC Corp.* decision leads to a nearly analogous result for pre-AIA filings because multi-defendant cases may be severed "[u]nless there is an actual link between the facts underlying each claim of infringement." 677 F.3d 1351, 1360 (Fed. Cir. 2012). Such serially filed or severed cases, by their nature, involve common issues of law or fact, including claim construction and validity. "If actions before the Court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). In applying Rule 42, a court

has considerable discretion. *In re EMC Corp.*, 677 F.3d at 1360; *see also Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'"). Because the above-styled cases involve a common question of law or fact, consolidation of the cases would promote efficient case management.

Accordingly, the Court **ORDERS** that Cause No. 6:14-cv-251 shall be consolidated with the existing consolidated cases in Cause No. 6:13-cv-507 for pretrial issues only, with the exception of venue. Cause No. 6:13-cv-507 shall serve as the lead case for consolidated issues. The Clerk of the Court shall add the consolidated defendants to the lead case, as well as Lead and Local Counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. The individual cases will remain active for venue motions and trial. Additionally, all pending motions will be considered as filed and without any prejudice due to consolidation. Should the parties file motions to transfer or motions to sever and transfer, the Court will consider these motions only as to the defendants in the originally filed (member) case, not as to all defendants in the pretrial consolidated case. *See Norman*, 2012 WL 3307942, at *4. All future motions, other than venue motions, shall be filed in the consolidated case.

The existing Docket Control Order (Cause No. 6:13-cv-507, Docket No. 123) shall govern as to all parties in the consolidated action. The parties may meet and confer and file the appropriate motion to amend the Docket Control Order for any dates or deadlines prior to the November 18, 2014 *Markman* hearing as necessary. Further, the existing Discovery Order (Docket No. 96), Order Regarding E-Discovery (Docket No. 97), and Protective Order (Docket No. 115) shall govern as to all parties in the consolidated action barring objection by any newly consolidated party within seven days of this Order.

<span>

**So ORDERED and SIGNED this 17th day of June, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

</span>