**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC<br><br>v.<br><br>APPLE INC., et al. | Civil Action No. 6:14-cv-251<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION FOR EXPEDITED CONSIDERATION**

When asked about expedited briefing in conjunction with the Carriers' Renewed Motion to Sever and Stay (ECF No. 108), CCE was amenable, <u>subject</u> to the Carriers' production (concurrent with the filing of the Carriers' motion) of the oft-requested Carrier agreements with Apple (the "Carrier Agreements"). *See* Exh. A. The Carriers completely ignored the proposal and proceeded to file their Renewed Motion with an opposed request for expedited consideration.

Ignoring CCE's proposal is telling. The Carrier Agreements are the single most highly-relevant documents necessary to the Court's ultimate assessment of the issues presented. They substantiate the Carrier's direct, collaborative relationship to the manufacture and sale of the accused products and establish whether or not the Carriers are indemnified for their infringements (including willful infringement) by co-Defendant Apple. As this Court recognizes, these considerations are paramount:

> As set forth above, there exist unique circumstances involving alleged collaboration between mobile device Manufacturers and Carrier-Retailers, particularly where the patented technology involves the interaction between Manufacturers' devices and Carrier-Retailers' networks. Further, unlike the mere retailers in prior cases, Carrier-Retailers are more likely to possess

>discoverable information relevant to the development of the accused mobile devices. Finally, the record is unclear whether Manufacturers agree to indemnify Carrier-Retailers in this action. *See Shifferaw*, 2010 WL 1064380, at *1 (finding claims against retailers peripheral based in part on the fact that the manufacturer "has indemnified and is funding the defense of both" retailer defendants); *Ultimatepointer, L.L.C., v. Nintendo Co., LTD.*, *et al.*, No 6:11-cv-496, Docket No. 448 at 6 (E.D. Tex. June 17, 2014). For these reasons, the claims against Carrier-Retailers are not peripheral.

*See* Court's prior Order in Case 6:13-cv-00507, ECF No. 373, at 17.

CCE has sought the Carrier Agreements throughout the course of this litigation, and the Carriers have refused. Presumably the refusal was based on the fact that the Carriers had already moved to sever themselves from this case and failed.

Filing the Renewed Motion exceedingly late in the litigation, the Carriers have unexpectedly placed the Carrier Agreements front-and-center. The Carriers cannot be permitted to emphasize the peripheral nature of their involvements with the accused products, and ignore the issue of indemnity, while continuing to withhold the Carrier Agreement in sword-and-shield fashion.

The Carriers have clearly not "complied with all discovery requirements," as they claim. Motion at 8. At this stage of the litigation, CCE believed the issue of the Carriers joinder and co-liability decided. With their Renewed Motion comes an undeniable obligation to produce the Carrier Agreements for CCE's and the Court's use and assessment.

For the foregoing reasons, CCE asks that the Court set a briefing schedule that specifically accounts for the fact that the Carriers have yet to produce the Carrier Agreements and, moreover, the fact that the Carriers' request for expedited consideration is singularly a function of waiting so long to resurrect an issue CCE presumed dead. To this end, CCE requests

that the Carriers be made to produce the Carrier Agreements immediately and that any briefing schedule be triggered off the date of production.

It bears mention that the parties' deadline for filing *Daubert* and summary judgment motions is Monday, July 18. Yet the Carriers ask the Court to Order CCE to respond to their Renewed Motion by the following day. Coincidence or not, the expedited briefing schedule requested by the Carriers fails to appreciate the attention and effort required to make thoughtful and appropriate *Daubert* and summary judgment motions, which is CCE's current focus.

Dated: July 13, 2016                                    Respectfully submitted,

                                                        */s/ Edward R. Nelson III*
                                                        Edward R. Nelson III
                                                        ed@nelbum.com
                                                        Texas State Bar No. 00797142
                                                        Ryan P. Griffin
                                                        ryan@nelbum.com
                                                        Texas State Bar No. 24053687
                                                        Thomas C. Cecil
                                                        tom@nelbum.com
                                                        Texas State Bar No. 24069489
                                                        Nelson Bumgardner PC
                                                        3131 West 7th Street, Suite 300
                                                        Fort Worth, Texas 76107
                                                        Phone: (817) 377-9111
                                                        Fax: (817) 377-3485

                                                        Bradley W. Caldwell
                                                        Texas Bar No. 24040630
                                                        Email: bcaldwell@caldwellcc.com
                                                        Jason D. Cassady
                                                        Texas Bar No. 24045625
                                                        Email: jcassady@caldwellcc.com
                                                        John Austin Curry
                                                        Texas Bar No. 24059636
                                                        Email: acurry@caldwellcc.com
                                                        Caldwell Cassady & Curry
                                                        2101 Cedar Springs Road, Suite 1000
                                                        Dallas, TX 75201
                                                        Telephone: (214) 888-4848

Facsimile: (214) 888-4849

Jeffrey R. Bragalone
Texas Bar No. 02855775
Terry A. Saad
Texas Bar No. 24066015
Jonathan H. Rastegar
Texas Bar No. 24064043
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
tsaad@bcpc-law.com
jrastegar@bcpc-law.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
Ward, Smith, & Hill PLLC
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served on all parties of record on July 13, 2016 via the Court's CM/ECF system.

*/s/ Edward R. Nelson III*