**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HTC CORPORATION, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 6:13-cv-507<br><br>**CONSOLIDATED LEAD CASE** |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 6:14-cv-759 |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 6:14-cv-982<br><br>**CONSOLIDATED LEAD CASE** |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Joint Motions to Dismiss Plaintiffs' Contributory

Infringement Claims in each of the above-styled cases (6:13-cv-507, Doc. No. 396; 6:14-cv-

1

759, Doc. No. 85; 6:14-cv-982, Doc. No. 45). The Court scheduled a hearing on September 22, 2015 to take up the Joint Motions to Dismiss. At the hearing the motions for all three cases were argued together. The motions in all three cases deal with substantially similar issues of law and fact and therefore will all be discussed together. For the reasons set out below, the Joint Motions to Dismiss are **DENIED**.

## BACKGROUND

*6:13-cv-507*

Plaintiff Cellular Communications Equipment LLC ("CCE") originally filed complaints against six of the mobile device manufacturers and the mobile carriers that operate networks on which the manufacturers' accused devices allegedly function (collectively, "Original Defendants") on June 25, 2013 and August 2, 2013. The cases were consolidated into this lead case for pretrial purposes, with the exception of venue, on February 27, 2014. Doc. No. 72. In April 2014, CCE filed a similar complaint against Apple and the same mobile carriers already accused in this consolidated case ("Apple Defendants"). Cause No. 6:14-cv-251, Doc. No. 1. In June 2014, the Court consolidated the Apple case into this existing lead case. Doc. No. 194.

After the first consolidation, the Original Defendants filed motions to dismiss their respective amended complaints (Doc. Nos. 109, 110, 111, 112, 113, 114). On the same date that those motions were filed, CCE filed its initial complaint in the Apple case. Cause No. 6:14-cv-251, Doc. No. 1. Prior to consolidation of the Apple case with this lead case, CCE filed two amended complaints and then Apple Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. Cause No. 6:14-cv-251, Doc. No. 42. In each of those motions to dismiss, the Original Defendants argued that the Plaintiff's claims of

contributory infringement[1] should be dismissed for failure to state a claim. Judge Davis found that the contributory infringement claims failed to state a claim, and he ordered CCE to file amended complaints. Doc. No. 373 at 10-11. CCE subsequently filed its Second Amended Complaints[2] which are the Complaints at issue in the present motions. Defendants AT&T Mobility LLC, HTC Corporation, HTC America, Inc., Exedea, Inc., Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, Dell Inc., T-Mobile USA, Inc., T-Mobile US, Inc., Pantech Co., Ltd., Pantech Wireless, Inc., LG Electronics, Inc., LG Electronics USA, Inc., Amazon.com, Inc., Cellco Partnership d/b/a Verizon Wireless, ZTE Corporation, ZTE USA, Inc., ZTE Solutions, Inc., and Apple Inc. (collectively, "-507 Defendants") filed this Joint Motion to Dismiss Plaintiffs' Contributory Infringement Claims (Doc. No. 396). The -507 case involves the '174[3] and the '820 patents.

*6:14-cv-759*

CCE filed its First Amended Complaint in the -759 case on September 22, 2014. Doc. No. 10. After Judge Davis ordered CCE to amend its complaints in the -507 cases, CCE also amended its complaint in the -759 case (Doc. No. 76). Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., AT&T Mobility LLC, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, T-Mobile USA, Inc., T-Mobile US, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively "-759 Defendants") filed this Joint Motion to Dismiss Plaintiffs' Contributory Infringement Claims (Doc. No. 85). The -759 case

---

[1] Original Defendants also moved to dismiss the claims of induced infringement and willful infringement but those arguments have no bearing on the instant motions.

[2] The relevant complaints are: Case No. 6:13-cv-507, Doc. No. 390; Case No. 6:13-cv-508, Doc. No. 79; Case No. 6:13-cv-509, Doc. No. 57; Case No. 6:13-cv-511, Doc. No. 82; Case No. 6:13-cv-568, Doc. No. 49; Case No. 6:13-cv-569, Doc. No. 33; and Case No. 6:14-cv-251, Doc. No. 73.

[3] On September 23, 2015, the Court entered an Order staying all claims and issues pertaining to U.S. Patent No. 7,941,174 (the '174 patent) pending Inter Partes Review in the -507 case. Doc. No. 470. There is no stay in effect for claims and issues relating to the '174 patent in the -759 case and thus the sufficiency of the pleading will be discussed in relation to the -759 case.

involves the '820, '8923, '174, '786, and '872 patents. The -759 Defendants argue that the allegations regarding the '820 and '174 patents suffer from the same deficiencies as the -507 case.

*6:14-cv-982*

CCE originally filed Complaints in two separate cases on December 19, 2014. Cause No. 6:14-cv-982, Doc. No. 1; Cause No. 6:14-cv-983, Doc. No. 1. The -983 case was then consolidated into this lead case for pretrial purposes, with the exception of venue, on February 18, 2015. Doc. No. 17. On January 15, 2015, CCE filed a Complaint in another case. Cause No. 6:15-cv-049; Doc. No. 1. The -049 case was then consolidated into this lead case for pretrial purposes, with the exception of venue, on April 30, 2015. Doc. No. 42. After Judge Davis ordered CCE to amend its complaints in the -507 cases, CCE also amended its complaints in the -982 case[4]. Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., Sony Mobile Communications Inc., Sony Mobile Communications (USA) Inc., Kyocera Communications, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile LLC, T-Mobile USA, Inc., T-Mobile US, Inc. (collectively "-982 Defendants") filed this Joint Motion to Dismiss Plaintiffs' Contributory Infringement Claims (Doc. No. 45). The -982 case involves the '966 and '060 patents.

*Hearing*

Following the written Motions to Dismiss in all three of the above-styled cases, Judge K. Nicole Mitchell held a hearing on September 22, 2015. The parties argued the substance of all three motions together at the hearing, and Judge Mitchell took the motions under

---

[4] The relevant complaints are: Case No. 6:14-cv-982, Doc. No.28 and Doc. No. 29 and Case No. 6:15-cv-049, Doc. No. 44.

advisement. Doc. No. 478 at 5-13.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). In deciding a motion under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Detailed factual allegations are not required, but facts must be pled that, when accepted as true, state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief is a very context-specific task." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (internal quotations omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). In the patent context, a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n. 10).

To establish contributory infringement, a plaintiff must plead sufficient facts to show: (1)

5

direct infringement; (2) the accused infringer had knowledge of the patent; (3) the component has no substantial non-infringing uses; and (4) the component is a material part of the invention. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); 35 U.S.C. § 271(c).

## ANALYSIS

The motions to dismiss by the -507 Defendants, -759 Defendants, and -982 Defendants (collectively "Defendants") all argue that CCE's allegations of contributory infringement are not sufficient to state a claim for relief. All three of the above-styled cases do not concern the same patents, although there is some overlap, but the specific wording at issue in each of the complaints is substantially identical. Therefore the analysis of whether or not that language was sufficient to meet CCE's pleading burden will be the same in each case.

All three of the motions to dismiss are based on the same two grounds: (1) CCE failed to plead sufficient facts to support a plausible inference that the accused products lack a substantial non-infringing use; and (2) that CCE failed to plead sufficient facts to support a plausible inference that any identified components constitute a material part of the invention. None of the motions claim that CCE failed to plead the first two elements of contributory infringement (direct infringement and knowledge) but rather the motions focus only on the third and fourth elements (no substantial non-infringing uses and materiality). Because the substance of the motions is substantially similar, the same analysis will apply to all three motions to dismiss[5].

*No Substantial Non-Infringing Use*

To state a claim for contributory infringement, Plaintiffs "must, among other things,

---

[5] Unless otherwise stated, all references to the docket are to Case No. 6:13-cv-507. When a motion from another case differs substantially from the -507 motion, the Court will specifically reference that other motion.

plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. In the context of a claim of contributory infringement under § 271(c), "a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* (citing *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).

Defendants argue that the language that CCE used in each of the amended complaints at issue is not sufficient to show that the components have no substantial non-infringing use. First, Defendants argue that CCE's assertions in its newest amended complaints are virtually identical to those that were deemed insufficient to state a claim for contributory infringement by Judge Davis in his earlier Order (Doc. No. 373). Doc. No. 396 at 6. The language at issue in CCE's First Amended Complaint ("FAC"), which was the subject of Judge Davis's Order, was:

> On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the…patent, are especially made and/or adapted for use in infringing the…patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

Doc. No. 92 ¶¶ 60, 73.

Judge Davis deemed that language insufficient to state a claim for contributory infringement.

Similarly, the Apple Complaint stated:

> Defendants named in this Count know, and have known, that the…Apple Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the…patent and are not staple articles of commerce suitable for substantial non-infringing use.

Cause No. 6:14-cv-251, Doc. No. 39 ¶¶ 63, 77.

As a result of Judge Davis's Order, finding the above language insufficient, CCE filed a

7

Second Amended Complaint ("SAC") which stated:

> On information and belief, Defendants named in this Count have known and know that their products accused of infringing include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the…patent and are not staple articles of commerce suitable for substantial non-infringing use.

Doc. No. 390 ¶¶ 35, 49

> 36. Specifically, each of the…Devices contain at least a baseband processor which contains functionality that is specifically programmed and/or configured to maintain a transmit power difference as claimed in claims…of the… patent.
>
> 50. Specifically, each of the…Devices contain at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to monitor the usage of a plurality of buffers, detect certain pre-selected conditions, designate buffer status reporting formats, and communicate buffer status reports as claimed in claims…of the…patent.

Doc. No. 390 ¶¶ 36, 50[6].

Defendants claim that that the language CCE added in its SAC is the same language pled in the prior Apple case which the Court already ruled insufficient. Doc. No. 396 at 6. This is incorrect. It is true that ¶¶ 35 and 49 do include the same language that was in the Apple Complaints, but CCE also added an additional paragraph to each count specifically identifying the hardware components and their specific, intended functions. Doc. No. 390 ¶¶ 36, 50. This goes far beyond the nonspecific language in the FAC. Judge Davis's Order took issue with the fact that CCE's complaints "[did] not *identify any components* of the accused devices that are a material part of the invention" and thus CCE's allegations did not "support a plausible inference that the accused devices or components thereof cannot be used

---

[6] In the amended complaints at issue in all three of the above-styled cases, similar language was added identifying the specific hardware components and the specific, intended functions of the hardware and software combination. The only difference between the complaints was the specific hardware component identified and what function was performed.

for any other purpose than infringement." Doc. No. 373 at 10 (emphasis added). It is clear that CCE did not originally identify specific components of the accused devices in the FAC, but that this deficiency was remedied in the SAC.

Next, Defendants assert that this additional language is akin to that in *Bill of Lading*, which amounts to nothing more than "if you use this device to perform the patented method, the device will infringe and has no noninfringing uses" and is insufficient to maintain a claim of contributory infringement. 681 F.3d at 1338. *Bill of Lading* involved an accused system as a whole. If you use the whole system one way, it infringed, but that entire system could be used in other ways and thus the court found substantial non-infringing uses. *Id.* That is not the case here. A component part may satisfy the "no substantial noninfringing use" requirement for pleading contributory infringement. *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1336-40 (Fed. Cir. 2008). The component at issue here is the specific hardware and software *combination* that performs the specific, intended functions.

At the hearing, Plaintiff argued that, using Defendants' logic, a Plaintiff can never plead contributory infringement when a component is a processor because there are many hypothetical noninfringing uses for a processor. Hearing Tr., Doc. No. 478 at 9-10. This gets to the heart of the distinction between *Bill of Lading* and the present case. Defendants here argue that because CCE uses the same hardware components (the baseband processor) in more than one claim, that there is necessarily another noninfringing use for the whole system. Doc. No. 396 at 7 ("[A]n allegedly infringing use for one of these patents is a non-infringing use for the other."). However, that mischaracterizes Plaintiffs' argument by assuming that the relevant inquiry is about the device as a whole and not the components. CCE is arguing that there is discrete code, which is a component itself. That code is

9

configured to control the baseband processor, transceiver, and other components, and there is no substantial noninfringing use for that *combination* of components. Doc. No. 478 at 10. The code is different under each patent and thus the combination of components that infringe under one patent are not the same combination of components that infringe under another patent. Contributory infringement should be analyzed based on this separate feature, not the entire product. *Fujitsu*, 620 F.3d at 1330. The fact that the entire phone itself, or the baseband processor plus other hardware and software combinations, may have substantial non-infringing uses is not the correct inquiry.

Plaintiffs point to the *Tierra* case as being instructive. Judge Gilstrap issued an Order denying a motion to dismiss when the Complaint included less specific information than the instant case. In *Tierra*, the Complaint read:

> Defendants employ authentication methods in their mobile devices, including but not limited to the Infringing Products, which are components of a patented machine covered by one or more claims of the '078 patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

Case No. 2:13-cv-044, Doc. No. 12 ¶ 67.

The Tierra Defendant moved to dismiss the claim of contributory infringement for failure to state a claim, just as in this case. In the Court's Order on the Motion to Dismiss, Judge Gilstrap noted that the Plaintiffs accused a specific component, not the entire device, of being a material part of the invention with no substantial noninfringing uses. Case. No. 2:13-cv-044, Doc. No. 36 at 3-4. It was obvious that the phone as a whole would have substantial noninfringing uses, but the Plaintiffs were arguing contributory infringement only as to a specific component, not the entire device. *Id.* Because of this, Judge Gilstrap found that the Plaintiffs' allegations as pled were sufficient to maintain a contributory infringement claim.

10

*Id.*

It is sufficient at the pleading stage, for the Plaintiff to specify the component and allege that it is a material part of the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use. *See Tierra Intelectual Borinquen, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 2:13-CV-047-JRG, 2014 WL 605431, at *2 (E.D. Tex. Feb. 14, 2014). Here, CCE has done just that. Taking the facts alleged as true, CCE has adequately pled that the accused components have no substantial noninfringing uses.

*Materiality*

Defendants' final argument is that CCE "ambiguously alleges that specific, intended functions, carried out by…hardware and software combinations, are a material part of the inventions," and that this "bare recital of this element of contributory infringement is wholly conclusory and not entitled to the assumption of truth." Doc. No. 396 at 7 (internal quotations omitted). However, as discussed above, a Plaintiff is only required to specify the component and allege that it is a material part of the invention. *See* Case No. 2:13-CV-044, Doc. No. 36 (Denying a motion to dismiss when the Complaint merely stated that the component constituted a material part of the invention); *See also* Case No. 2:13-CV-047, Doc. No. 31 (same). Judge Davis's prior Order in this case found the materiality element lacking because CCE did not "identify any components of the accused devices that are a material part of the invention." Doc. No. 373 at 10. When CCE amended its complaints, it identified the specific hardware components and stated that they are a material part of the invention. That is sufficient at this stage. *See Content Guard Holdings, Inc. v. Amazon, Inc.*, No. 2:13-cv-1112-JRG, 2015 WL 1431946, at *5 (E.D. Tex. Mar. 30, 2015) (holding that Plaintiff adequately pled facts to support a claim of contributory infringement, at the motion

11

to dismiss stage, even without directly stating that the components were material parts of the invention); *LML Patent Corp. v. National Bank of Daingerfield*, No. 2:09-cv-180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (same).

## CONCLUSION

For the reasons set forth above, Defendants' Joint Motions to Dismiss (6:13-cv-507, Doc. No. 396; 6:14-cv-759, Doc. No. 85; 6:14-cv-982, Doc. No. 45) are **DENIED**.

So ORDERED and SIGNED this 30th day of October, 2015.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE