# *Exhibit B*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., et al.,<br><br>Defendants. | Civil Action No. 6:14-cv-251<br><br>JURY TRIAL DEMANDED<br>(Consolidated Lead Case) |

**DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTIONS**

**PROPOSED PRELIMINARY INSTRUCTION NO. 1**
**PRELIMINARY INSTRUCTIONS TO JURY[1]**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them. I will now give you my preliminary instructions, and then you will hear the attorneys' opening statements. After the parties' opening statements, they will present their evidence to you. Once the evidence is in, I will give you my final instructions, and then the parties will make their closing arguments. Finally, after you've heard the closing arguments, you will retire to the jury room to deliberate and reach your verdict.

Now, be sure to pay close attention to all of the testimony and evidence you hear. You may take notes during the trial. A juror notebook has been provided for your convenience. Anything you write in your notebook will be confidential. Your notebook will be turned in at the end of each day for safekeeping, and no one will have access to it. At the end of the case your notes will be shredded to keep them private.

But do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. You will not be provided a transcript of the proceedings at the end of the trial, so your memory is important. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

[1] Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction 1.2 (modified).

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day.  During your jury service, you must not communicate any information about this case to anyone by any means.  For example, do not talk face-to-face or use any electronic device, such as a cell phone, camera, computer, the Internet, text or instant messaging, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  The very first time you should ever discuss this case with anyone is at the end of the case when you and your fellow jurors retire to the jury room to actually begin deliberating on your verdict.

The reason for this rule is very simple.  You are to decide this case based on the evidence. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other.  And when you do begin your deliberations, your deliberations will be carried on with all of you in the room.  If two of you are taking a break and begin discussing the case together, your fellow jurors don't have the benefit of hearing your discussion. So please keep your opinions about the case to yourself until all of the evidence is in, and do not discuss the case with anyone until you start final deliberations with your fellow jurors.

Also during this trial, please hold yourself completely apart from the people involved in the case:  The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you, even if you are only talking about something completely unrelated to the case during a break.  It is important not only that you be fair and impartial but

also that you appear to be fair and impartial as well.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.  You have a juror badge on.  Everyone in the courtroom knows that they are to respect that.  Don't feel like they're not being friendly if they don't come up and chat with you, and they won't feel like you're being rude if you don't chat with them.

Also, do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any outside source.  In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or read any newspaper article about this case or listen to any radio or TV show about it.  Do not visit or view any place discussed in this case, and do not use Internet or Google to find out more information about the case, the parties, or the attorneys.  For example, if you have a computer at home, don't go home at night and start trying to do any kind of research.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  And the reason for this is very important.  Cases in a court of law are decided on one thing, and that is the evidence that is legally admissible.  And that is evidence you'll hear from the witness stand and the documents that are admitted into evidence.  So please, do not do any of your own research because it can put the whole trial in jeopardy.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss, that may come up from time to time.  These issues are not part of what you must decide and they are not properly discussed in your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.

When I confer with the attorneys at the bench, please do not listen to what we are discussing or speculate about what we are saying.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.

After these instructions, the trial will begin.  Lawyers for each side will make an opening statement.  Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.  After all the evidence is introduced, the lawyers will then make closing arguments.  I will instruct you on the law that applies to this case.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

**PROPOSED PRELIMINARY INSTRUCTION NO. 2**
**WHAT IS EVIDENCE[2]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. You are also to consider stipulations, or agreements, between the parties. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

2 Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction 2.3, 3.3 (modified).

**PROPOSED PRELIMINARY INSTRUCTION NO. 3**
**WHAT IS NOT EVIDENCE**[3]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

---

[3] Ninth Circuit Manual of Model Jury Instructions, 1.7 (modified per *Equistar Chem. v. Westlake Chem. Corp.*, No. 6:14-cv-68, Dkt. No. 208, at 117-120 (E.D. Tex. Mar. 21, 2016)).

**PROPOSED PRELIMINARY INSTRUCTION NO. 4**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE[4]**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[4] Ninth Circuit Manual of Model Jury Instructions, 1.9; *see also Equistar Chem. v. Westlake Chem. Corp.*, No. 6:14-cv-68, Dkt. No. 208, at 109-110 (E.D. Tex. Mar. 21, 2016).

**PROPOSED PRELIMINARY INSTRUCTION NO. 5**
**CREDIBILITY OF WITNESSES**[5]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witnesses' manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand?

You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

---

[5] Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction 3.4

**PROPOSED PRELIMINARY INSTRUCTION NO. 6**
**EXPERT OPINIONS[6]**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. You may hear the lawyers refer to these individuals as experts. However, you are not required to accept their opinions. As with any other witness, it is up to you to decide whether to rely on their testimony.

6 Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction 3.5.

**PROPOSED PRELIMINARY INSTRUCTION NO. 7**
**RULING ON OBJECTIONS**[7]

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

---

[7] Ninth Circuit Manual of Model Jury Instructions, 1.10; *see also Equistar Chem. v. Westlake Chem. Corp.*, No. 6:14-cv-68, Dkt. No. 208, at 117-120 (E.D. Tex. Mar. 21, 2016).

**PROPOSED PRELIMINARY INSTRUCTION NO. 8**
**DEPOSITION TESTIMONY[8]**

Certain testimony will be presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

8 Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction 2.13.

**PROPOSED PRELIMINARY INSTRUCTION NO. 9**
**WHAT A PATENT IS AND HOW ONE IS OBTAINED[9]**

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office, sometimes called the Patent Office or PTO. A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent by a lawsuit filed in federal court. Everyone, however, has the right to use existing knowledge and principles. A patent cannot remove from the public the ability to use what was known or obvious before the invention was made or patent protection was sought. Thus, to be entitled to patent protection, an invention must be new, useful, and not obvious.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must first file an application with the PTO. The PTO is an agency of the Federal Government. The application includes what is called a "specification," which contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

---

9 Federal Circuit Bar Association Model Patent Jury Instruction A.1 (modified); "The Patent Process: An Overview for Jurors," Federal Judiciary Center Video, Aug. 2013.

After the applicant files the application, an Examiner at the PTO reviews the application to determine whether or not the claims are patentable (appropriate for patent protection) and whether or not the specification adequately describes the invention claimed.  In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The PTO searches for and reviews information that is publicly available or that is submitted by the applicant.  This information is called "prior art." The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.  Prior art is defined by law, and I will give you, at a later time during these instructions, specific instructions as to what constitutes prior art.  However, in general, prior art includes information that demonstrates the state of technology that existed before the claimed invention was made or before the application was filed.  A patent lists the prior art that the Examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed."  This writing from the Examiner is called an "Office Action."  If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims, and to change the claims or to submit new claims.  This process may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue. Sometimes, patents are issued after appeals within the PTO or to a court.  The papers generated during these communications between the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent.   A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.   It is your job to consider the evidence presented by the parties and determine independently whether or not Defendants have proven that the patent is invalid.

**PROPOSED PRELIMINARY INSTRUCTION NO. 10**
**SUMMARY OF CONTENTIONS**[10]

There are four questions that you are going to be called upon to answer at the end of this case. First, is there infringement. Second, is the patent invalid. Third, you will have to decide certain facts related to enforceability. And, fourth, if the patent is infringed and is not invalid, what are the damages. To help you follow the evidence, I will now give you a summary of the positions of the parties.

The plaintiff here is Cellular Communications Equipment, LLC. You will commonly hear the plaintiff referred to as just CCE. The Defendants in this case are Apple, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum, L.P., Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc. You will commonly hear AT&T, Verizon, Sprint, and T-Mobile collectively referred to as the Carriers or the Carrier Defendants.

Each patent has a seven-digit number, but they are more commonly referred to by three digits, specifically, the last three digits of the patent. The patent at issue in this case is U.S. Patent No. 8,0550,820, or the ’820 patent. Sometimes, the ’820 patent may be referred to, instead of using these short numbers, as the “patent-in-suit” or the “asserted patent.” Those are just terms that lawyers sometimes use to talk about the patents that are the subject of the case.

CCE filed suit in this court seeking money damages from the Defendants for allegedly directly infringing the ’820 patent, by using, selling, and offering for sale in the United States products that CCE argues are covered by the patent claims. CCE also seeks money damages from the Defendants for allegedly indirectly infringing the ’820 patent by inducing third parties to infringe and by contributing to infringement of the ’820 patent. I will explain the distinction

[10] Federal Circuit Bar Association Model Patent Jury Instruction A.2 (modified).

between indirect infringement and direct infringement in more detail later in the case. CCE also contends that each Defendant willfully infringed the ’820 patent.[11]

Each of the Defendants in this case denies that it has infringed claims of the ’820 patent. Defendants also argue that the asserted claims of the ’820 patent are invalid. I will instruct you later as to the ways in which a patent may be invalid. A patent can be invalid if it is not new or is obvious, or if the description in the patent does not meet certain requirements.

Each of the Defendants in this case also contends that the ’820 patent is unenforceable. This means that the patent owner may not prevent others from using the invention covered by the claims of the patent and may not collect damages for patent infringement. I will instruct you later as to the ways a patent may be unenforceable. A patent can be unenforceable if the patent has been misused, for example, by breaching a duty to timely disclose the patent.

Your job will be to decide whether or not the asserted claims of the ’820 patent have been infringed, whether or not those claims are invalid, and whether or not those claims are enforceable,. If you decide that any claim of the ’820 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to CCE to compensate it for the infringement. In the event CCE is owed damages, it will be your job to determine the amount. The amount must not be to punish a Defendant.

---

[11] Defendants believe that the issue of willful infringement is an issue of law for the Court to decide. Any verdict resulting from this instruction is advisory.

**PROPOSED PRELIMINARY INSTRUCTION NO. 11**
**PATENTS AT ISSUE[12]**

I have already determined the meaning of some of the words in the claims of the ’820 patent during a process referred to as “claim construction.” At the beginning of this case, I will give you the meanings of certain words that I have construed. You are to apply my definitions of these terms throughout this case. You must use those meanings when you decide the issues of infringement and invalidity. For any claim term I have not defined for you, you should apply the ordinary meaning of the words to a person of ordinary skill in the field. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

[12] Federal Circuit Bar Association Model Patent Jury Instruction A.3 (modified).

**PROPOSED PRELIMINARY INSTRUCTION NO. 12**
**OVERVIEW OF APPLICABLE LAW[13]**

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether each Defendant has infringed the claims of the ’820 patent. Infringement is assessed on a defendant-by-defendant and claim-by-claim basis. Therefore, there may be infringement as to one defendant but not infringement as to another. Likewise, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, a Defendant may infringe the ’820 patent by making, using, selling, or offering for sale in the United States, or by importing into the United States, a product meeting all the requirements of a claim of the patent. A Defendant may also indirectly infringe the ’820 patent by inducing a third party to infringe or by contributing to infringement of the ’820 patent. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the ’820 patent is invalid. A patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. For a claim to be invalid because it is not new, Defendants must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these “prior art.” If a claim is not new, it is said to be anticipated.

[13] Federal Circuit Bar Association Model Patent Jury Instruction A.4, 4.3d; *Gen. Elec. Co. v. Wilkins*, 750 F.3d 1324, 1332 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 286 (2014).

Another way that a claim may be invalid is that it may have been obvious.  Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time.  You will need to consider a number of questions in deciding whether the inventions claimed in the '820 patent is obvious.  I will provide you detailed instructions on these questions at the conclusion of the case.

Another way that a claim may be invalid is because of improper inventorship.  A patent is invalid because of improper inventorship if it fails to meet the requirement that all of the actual inventors, and only the actual inventors, must be named as inventors in the patent.  This is known as the "inventorship" requirement.  To be an inventor, one must contribute to the claimed invention in a way that is not insignificant in quality, when that contribution is measured against the dimension of the full invention.

Another way that a claim may be invalid is if the inventor derived the invention described in one or more claims from another.  This is known as derivation.  A patent is invalid for derivation if there was a prior conception of the invention by another and communication of that conception to the patentee.

Another issue you will be asked to decide is whether the '820 patent is enforceable.  A patent may be unenforceable for a number of reasons, including because the patent owner breached its duty to timely disclose the patent.

If you decide that any claim of the '820 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to CCE to compensate it for the infringement.  A damages award should put CCE in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages

award be less than what CCE would have received had it been paid a reasonable royalty.  I will instruct you later on the meaning of a reasonable royalty.  The damages you award are meant to compensate CCE and not to punish Defendants.  You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate CCE for the infringement, in order to punish Defendants.  I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

**PROPOSED PRELIMINARY INSTRUCTION NO. 13**
**OUTLINE OF TRIAL[14]**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence. A preponderance of the evidence means that the fact that is to be proven is more likely true than not, i.e., that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor. On other issues that I will identify for you, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, i.e., that you have been left with a clear conviction that the fact has been proven.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, CCE will present its evidence in support of its contentions each Defendant infringes at least one of the claims of the ’820 patent . To prove infringement of any claim, CCE must first persuade you that it is more likely than not that a Defendant has infringed that claim. CCE bears the burden of proving that each Defendant has infringed. CCE

[14] Federal Circuit Bar Association Model Patent Jury Instruction A.5 (modified); Texas Pattern Jury Charge 100.3A.

will also present its evidence in support of its contention that each Defendant willfully infringed at least one claim of the ’820 patent. To prove willful infringement, in addition to persuading you that the Defendant infringed at least one claim of the ’820 patent, CCE must also persuade you by preponderance of the evidence that the Defendant had knowledge of the ’820 patent and acted in bad faith, wantonly, maliciously, deliberately, consciously wrongfully, flagrantly, or with reckless disregard of any of the asserted claims of the ’820 patent.[15] You must decide willfulness on a Defendant-by-Defendant basis.

Defendants will then put on evidence responding to CCE’s evidence of infringement. Defendants will then present their evidence that the claims of the ’820 patent are invalid. To prove invalidity of any claim, Defendants must persuade you by clear and convincing evidence that the claim is invalid. Defendants will also present their evidence that the ’820 patent is unenforceable. To prove that the ’820 patent is unenforceable, Defendants must persuade you by clear and convincing evidence that the patentee breached its duty to timely disclose the patent.

CCE may then put on additional evidence responding to Defendants’ evidence that the claims of the ’820 patent are invalid, and to offer any additional evidence of infringement. This is referred to as “rebuttal” evidence. CCE’s “rebuttal” evidence may respond to any evidence offered by Defendants.

Finally, Defendants may have the option to put on its “rebuttal” evidence to support its contentions as to the unenforceability and the invalidity of the claims of the ’820 patent, by responding to any evidence offered by CCE on that issue.

---

[15] *See* 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). Defendants do not believe that the issue of willful infringement should be tried to the jury. To the extent the Court would like the jury to provide an advisory verdict on the issue of willful infringement, Defendants submit this proposed preliminary instruction.

During the presentation of the evidence, the attorneys will be allowed brief opportunities to explain what they believe the evidence has shown or what they believe upcoming evidence will show.   The attorneys' comments are not evidence and the attorneys are being allowed to comment solely for the purpose of helping you to understand the evidence.

After the evidence has been presented, I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments.   These closing arguments by the attorneys are not evidence.   After the closing arguments and instructions, you will then decide the case.

DATED: August 23, 2016

| /s/ *Douglas E. Lumish* | /s/ *Christopher W. Kennerly* |
| --- | --- |
| Douglas E. Lumish<br>Jeffrey G. Homrig<br>Lisa K. Nguyen<br>Brett M. Sandford<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025-1008<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>doug.lumish@lw.com<br>jeff.homrig@lw.com<br><br>Joseph H. Lee<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290<br>joseph.lee@lw.com<br><br>Eric H. Findlay (Bar No. 00789886)<br>FINDLAY CRAFT PC<br>102 N. College Avenue, Suite 900<br>Tyler, TX 75702<br>Telephone: (903) 534-1100<br>Facsimile: (903) 534-1137<br>efindlay@findlaycraft.com<br><br>**ATTORNEYS FOR DEFENDANT APPLE INC.** | Yar Chaikovsky<br>CA Bar No. 175421<br>yarchaikovsky@paulhastings.com<br>Christopher W. Kennerly<br>TX Bar No. 00795077<br>chriskennerly@paulhastings.com<br>Philip Ou<br>CA Bar No. 259896<br>philipou@paulhastings.com<br>Jonas P. Herrell (pro hac vice)<br>CA Bar No. 279075<br>jonasherrell@paulhastings.com<br>Paul Hastings LLP<br>1117 S. California Ave.<br>Palo Alto, CA 94304-1106<br>Telephone: (650) 320-1800<br>Facsimile: (650) 320-1900<br><br>Blair M. Jacobs (pro hac vice)<br>Virginia State Bar No. 32010<br>blairjacobs@paulhastings.com<br>PAUL HASTINGS LLP<br>875 15th Street NW<br>Washington, DC 20005<br>Telephone: (202) 551-1700<br>Facsimile: (202) 551-1705<br><br>Trey Yarbrough<br>TX Bar No. 22133500<br>trey@yw-lawfirm.com<br>YARBROUGH WILCOX, PLLC<br>100 E. Ferguson St., Suite 1015<br>Tyler, Texas 75702<br>Telephone (903) 595-3111<br>Facsimile (903) 595-019<br><br>Gil Gillam<br>TX Bar No. 07921800<br>gil@gillamsmithlaw.com<br>Gillam & Smith, LLP<br>303 S. Washington Ave<br>Marshall, TX 75670 |

| | |
|---|---|
| | Telephone (903) 934-8450<br>Facsimile (903) 934-9257<br><br>**ATTORNEYS FOR DEFENDANT AT&T MOBILITY LLC** |
| /s/ *Zachary T. Elsea*<br><br>John C. Hueston (Pro Hac Vice)<br>Douglas J. Dixon (Pro Hac Vice)<br>HUESTON HENNIGAN LLP<br>620 Newport Center Dr., Suite 1300<br>Newport Beach, CA 92660<br>Telephone: (949) 226-6741<br>DDixon@hueston.com<br>JHueston@hueston.com<br><br>Alexander C.D. Giza (Admitted E.D. Tex.)<br>Zachary T. Elsea (Pro Hac Vice)<br>HUESTON HENNIGAN LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014<br>Telephone: (213) 788-4340<br>agiza@hueston.com<br><br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>**ATTORNEYS FOR T-MOBILE USA, INC. AND T-MOBILE US, INC.** | /s/ *Mark W. McGrory*<br><br>Robert W. Weber<br>Texas State Bar No. 21044800<br>SMITH WEBER, L.L.P.<br>5505 Plaza Drive<br>P.O. Box 6167<br>Texarkana, TX 75505-6167<br>Tele: (903) 223-5656<br>Fax: (903) 223-5652<br>Email: bweber@smithweber.com<br><br>and<br><br>Mark W. McGrory (pro hac vice)<br>Megan J. Redmond (pro hac vice)<br>Carrie A. Bader (pro hac vice)<br>ERISE IP, P.A.<br>6201 College Boulevard, Suite 300<br>Overland Park, KS 66211<br>Office: 913-777-5600<br>Fax: 913-777-5601<br>Email: mark.mcgrory@eriseip.com<br>Email: megan.redmond@eriseip.com<br>Email: carrie.bader@eriseip.com<br><br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>**ATTORNEYS FOR SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., AND BOOST MOBILE, LLC** |

/s/ *Sarah J. Kalemeris*

Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Thomas M. Dunham
D.C. Bar No. 448407
tdunham@winston.com
WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Sarah J. Kalemeris
Illinois State Bar No. 6303644
skalemeris@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

**ATTORNEYS FOR CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**