# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS § <br> EQUIPMENT, LLC. § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> APPLE INC. et al., § <br> § <br> Defendants. § | CIVIL ACTION NO. 6:14-cv-251 |

## ORDER

Before the Court is Carrier Defendants' Renewed Motion to Sever and Stay and Motion for Expedited Consideration ("the Motion"). Doc. No. 108. For the reasons set forth below, the Court **GRANTS** the Motion to Sever.

## BACKGROUND

CCE alleges that Apple, Inc. ("Apple"), and several mobile carriers[1] infringe U.S. Patent No. 8,055,820 ("the '820 Patent"). Doc. No. 1[2]. The Carriers request that the claims against them be severed and stayed until CCE's claims against Apple, the manufacturer, are fully resolved. Doc. No. 108. The Carriers previously filed a Motion to Sever and Stay ("Original Motion"), requesting the same relief, in late 2014 when the case was assigned to Judge Davis. Case No. 6:13-cv-507, Doc. No. 233. Judge Davis denied the Original Motion because there were several factual determinations that could not be made at that stage in the proceedings. *See*

---

[1] The carriers are AT&T Mobility LLC ("AT&T"), Cellco Partnership d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc. (collectively, "Carriers").

[2] Initially, CCE alleged infringement of multiple patents. The '820 Patent is the only one remaining.

1

Case No. 6:13-cv-507, Doc. No. 373. The Carriers have now renewed their Original Motion. Doc. No. 108.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 21, a court may "sever any claim against a party." FED. R. CIV. P. 21. Under Federal Circuit law, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). If the two suits [against the manufacturer and against the retailer] are so closely related that "substantial savings of litigation resources can be expected," then the court will stay the proceedings until resolution of at least the "major premises." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014). Courts exercise their discretion to sever only when three factors are met: (1) the remaining claims are peripheral to the severed claims; (2) adjudication of the severed claims would potentially dispose of the remaining claims; and (3) the § 1404(a) factors warrant transfer of the severed claims[3]." *Shifferaw v. Emson USA*, No. 2:09-CV-54, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010).

## ANALYSIS

The Court denied the Carriers' Original Motion in early 2015, in part, because several factual determinations remained and discovery was not complete at that time. Case No. 6:13-cv-507, Doc. No. 373 at 16, 17. The Carriers re-urge the arguments from their Original Motion and argue that since the case has progressed through claim construction, discovery, and expert reports, the issue of severance is ripe for decision. Defendants argue that the Court should try CCE's claims against Apple first because under *Shifferaw*, the remaining claims against the

---

[3] The third factor is not applicable in this case because the Carriers are not arguing for a transfer.

Carriers are peripheral to the claims against Apple, and because adjudication of the severed claims would most likely dispose of the remaining claims.

Under the first factor of *Shifferaw*, the remaining claims against the Carriers are peripheral to the severed claims against Apple. In *Shifferaw v. Emson*, Plaintiff sued the Manufacturer Mishan as well as Retailers Academy Sports & Outdoor and Amazon.Com. The court noted that "[w]here a single manufacturer is the only entity in the U.S. who makes and sells the only accused product to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturer." *Shifferaw*, 2010 WL 1064380, at *3 (citing *Toshiba Corp. v. Hynix Semiconductor, Inc.*, 2005 WL 2415960, at *4-6 (N.D. Tex. Sept. 30, 2005); *LG Elecs, Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 422 (E.D. Va. 2000)). Similarly, in *In re Nintendo*, a case in which Plaintiff Secure Axcess sued Distributor Nintendo and Retailer Best Buy, the Federal Circuit stated that "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally takes precedence." *Nintendo*, 756 F.3d at 1365 (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)).

CCE contends that the carriers do more than merely resell the accused products provided by the manufacturers. Here, the Carriers must configure the device in a way that is compatible with their network. CCE further contends that this case is not like *Nintendo* because the Carriers take the extra step of bundling the Apple iPhones and iPads ("accused devices") with service plans and imposing standards which must be maintained in order to use the device. However, CCE's infringement allegations are limited to the source code on a baseband chip, which is manufactured and supplied by Qualcomm Technologies, Inc. ("Qualcomm"). Apple then sells

packaged iPhones and iPads (the accused devices, which each contain the baseband chip) to the Carriers, who then resell the devices to retail customers. That the Carriers impose standards and bundle the accused devices with service plans is irrelevant because it does not change the fact that they do not modify or alter the patented technology at issue, which is the source code on the baseband chip.

Indeed, Defendants have produced evidence that they do not have access to the highly proprietary source code. CCE's own expert, Dr. Caloyannides testified that "Qualcomm is the only entity that has access to the point where they can disable or enable select functionality within a chip and not the individual carriers . . . ." Doc. No. 122-4 (Ex. 3 at 394:5-24). Additionally, the Supplemental Protective Order prohibits Defendants from accessing the Qualcomm source code. Case No. 6:13-cv-507, Doc. No. 447 ¶¶ 24, 26. To date, "Qualcomm [has] only agreed to produce the source code for its baseband chipsets on an 'outside attorneys' eyes only' basis under a supplemental protective order with strict requirements that prohibit any of Defendants' employees or in-house counsel from accessing the code." Doc. No. 122 at 10. Thus, although this is a closer call than *Nintendo*, it is not enough to deviate from it. The heart of the Federal Circuit's analysis in *Nintendo* is that where issues of infringement and validity are common to both the Manufacturer and Retailer Defendants, severance is appropriate. *Nintendo*, 756 F.3d at 1366. And since the source code on the Qualcomm chips is the same in every single iPhone or iPad device, regardless of whether it is sold by Apple, AT&T, Sprint, or any other Carrier in this case, *Nintendo* is applicable. *See* Hearing Recording at 1:45 p.m.

Further, while CCE contended at the hearing that there are unique induced infringement claims against the Carriers in its Amended Complaint, CCE drafted a single set of identical infringement contentions for Apple and for all Carriers. Doc. No. 73 ¶¶ 40-56. Similarly, CCE

only produced a single infringement expert report for Apple and for all the Carriers to support these identical infringement contentions. Doc. No. 122-3 (Ex. 2). Just as in *Shifferaw*, CCE has proffered no evidence suggesting that the Carrier Defendants had any meaningful role in the design or manufacture of the component that implements the patented BSR functionality, namely, the Qualcomm baseband chip. *See Shifferaw*, 2010 WL 1064380, at *3 (relying on the fact that "Shifferaw ha[d] presented no evidence, nor [did] he even argue that the Retailer Defendants [Amazon and Academy] had any role in the design or manufacture of the accused products."). Because the infringement claims against the Carriers are substantively identical to the infringement claims against Apple, the remaining claims against the Carriers are peripheral to the severed claims against Apple.

Under the second factor of *Shifferaw*, adjudication of the severed claims in this case against Apple would very likely dispose of the remaining claims against the Carriers. First, the Carriers can only be liable if the patent infringement claims against Apple are resolved in favor of the plaintiff. *Nintendo*, 756 F.3d at 1366 ("Since Nintendo's liability is predicate to recovery from any of the Defendants, the case against Nintendo must proceed first, in any forum."). Thus if Apple is not found liable, then CCE of course has no claim against the Carriers for patent infringement. It is well established law that "where there has been no direct infringement, there can be no inducement of infringement under § 271(b)." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014). Second, if Apple is found liable and CCE does collect damages from Apple, CCE cannot then in turn collect damages from the Carriers, because CCE cannot receive a double recovery for the same sales. *See Nintendo*, 756 F.3d at 1366 (recognizing the district court's ruling that "'the issues of infringement and invalidity are common to Nintendo and the Retailer Defendants' and that if Secure Axcess were to collect

royalties from Nintendo, this would preclude suit against the Retailers."). Further, CCE's own expert, Mr. Green, confirmed that recovery from Apple would bar recovery from the Carriers. Ex. 9 at 228:19-229:21.

Additionally, Plaintiff's contention that resolution of the claims against Apple will not dispose of the willful infringement allegations against the Carriers does not justify keeping the case together. In *Shifferaw*, Plaintiff made the same argument CCE raises—that facts giving rise to the Retailers' potential defenses to willful infringement were personal to the Retailers, necessarily rendering the infringement claims against the Retailers non-peripheral to the claims against the manufacturer. *Shifferaw*, 2010 WL 1064380, at *3. The Court nonetheless held, "[a]lthough the plaintiff may have to present evidence of willful infringement against the two retailers, this is not a case where severance will create multiple lawsuits that have to be developed in their entirety."[4] *Id.* Further, the Federal Circuit has clarified that "the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (citing *Katz*, 909 F.2d at 1464).

Finally, the Carriers have agreed to be bound by the invalidity and infringement rulings in this case as to Apple. This strongly suggests that adjudication of the severed claims against Apple will dispose of the remaining claims against the Carriers. *See Shifferaw*, 2010 WL 1064380, at *3 ("Further, the fact that Retailer Defendants will stipulate that they will be bound by the rulings by the Southern District of New York in the case against [Manufacturer] Mishan

---

[4] It also bears emphasis that CCE has already stipulated to no pre-filing of willful infringement claims against carriers.

weighs heavily towards a finding that adjudication of the claims against [Manufacturer] Mishan would likely dispose of the rest of the case.").

## CONCLUSION

On balance, severance of this case would "facilitate convenient, efficient, and less expensive determination" of this action. *In re Nintendo*, 756 F.3d at 1365. The Carriers have adequately shown that CCE's claims against the Carriers are peripheral to the claims against Apple, and that adjuciation of claims against Apple would very likely dispose of the remaining claims against the Carriers. Thus, the Court **GRANTS** Carrier Defendants' Renewed Motion to Sever and Stay. The case against the Carriers is hereby **STAYED** until completion of the trial against Apple.

So ORDERED and SIGNED this 26th day of August, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

7