# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC<br><br>v.<br><br>APPLE INC., et al. | Civil Action No. 6:14-cv-251<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

**NOTE:** The parties were required to serve Initial Disclosures pursuant to the original Discovery Order (Dkt. 96) on April 18, 2014.  The parties recognize their ongoing duty to supplement such initial disclosures.

2.    **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.    **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)     produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**NOTE:** The parties were required to serve certain additional disclosures pursuant to the Docket Control Order (Dkt. 123) entered April 15, 2014, as amended on August 1, 2014 (Dkt. 222), September 19, 2014 (Dkt. 253), October 7, 2014 (Dkt. 262), and January 21, 2015 (Dkt. 348).  The parties recognize their ongoing duty to supplement such additional disclosures.

**4.**     **Protective Orders.** The Court entered the Protective Order currently governing this litigation on December 12, 2014 (Dkt. 310).

**5.**     **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a)     Common Entities. For purposes of this paragraph, each of the following common entities shall be treated as a single and separate defendant from the other common entities:

    i.     HTC Corporation and HTC America, Inc.

    ii.     LG Electronics, Inc. and LG Electronics U.S.A., Inc.

    iii.     ZTE Corporation, ZTE (USA) Inc., and ZTE Solutions Inc.

    iv.     Apple Inc.

    v.     Dell Inc.

    vi.     Amazon.com, Inc.

    vii.     Pantech Co., Ltd. and Pantech Wireless, Inc.

    viii.     Cellco Partnership d/b/a Verizon Wireless

    ix.     Boost Mobile, LLC and Sprint Spectrum L.P., and Sprint Solutions, Inc.

    x.     AT&T Mobility LLC

    xi.     T-Mobile US, Inc. and T-Mobile USA, Inc.

Each common entity group above is referred to herein separately as "Defendant" and collectively as "Defendants."

(b)     Interrogatories.

    i.     Plaintiff may serve up to 20 common interrogatories on the Defendants, as well as 20 specific interrogatories on each Defendant.

       ii.       Defendants may serve up to 20 common interrogatories on Plaintiff. In addition, each Defendant may serve 20 specific interrogatories on Plaintiff.

(c)       Requests for Admission.

       i.       Plaintiff may serve up to 50 requests for admission on each Defendant.

       ii.       Each Defendant may serve up to 50 requests for admission on Plaintiff.

       iii.       Notwithstanding the limitations of 5(c)(i) and (ii), any party may serve an unlimited number of requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a printed publication under 35 U.S.C. § 102.  Prior to serving any request for admission regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents.  If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may service on the opposing party requests for admission on all documents whose admissibility has not been stipulated.

(d)       Fact Depositions of Parties and Third Parties.

       i.       Plaintiff may take 35 hours of fact deposition testimony, including depositions under Rule 30(b)(1) and Rule 30(b)(6), of each Defendant (with former employees not counting toward this limit).  The parties

                  recognize that multiple depositions requiring the services of a translator may be cause for expanding this limit.

        ii.    Defendants, collectively, may take 30 hours of fact deposition testimony, including depositions under Rule 30(b)(1) and Rule 30(b)(6), of Plaintiff (with former employees not counting toward this limit).

        iii.    In addition, Plaintiff may take the lesser of up to 90 hours of third party deposition testimony (not including inventors) or a maximum of 20 total third party depositions. Further, Defendants, collectively, may take the lesser of up to 120 hours of third party deposition testimony (not including inventors) or a maximum of 25 total third party depositions.

(e)    Inventor Depositions. Depositions of inventors of patents asserted by CCE are not included in the hour limitations set forth in Paragraphs 5(d)(ii), 5(d)(iii), and 5(f). Defendants, collectively, may take 7 hours of fact deposition testimony of each named inventor. Subject to resolution of any objection(s) of the inventor or inventor's employer, Defendants, collectively, may take 14 hours of fact deposition testimony of each named inventor whose first language is a language other than English. Fact deposition testimony of inventors is exclusive of any time the inventor spends testifying as either a designated party witness or expert witness. Defendants may seek additional deposition time for the named inventors if necessary.

(f)    Expert Depositions. Depositions of experts are not included in the hour limitations set forth in Paragraphs 5(d) and 5(e) above. Plaintiff is limited to 5 testifying expert witnesses, and each Defendant is limited to 4 individual

testifying expert witnesses plus 3 common testifying expert witnesses. Notwithstanding the following, no single expert may be deposed for more than 28 hours regarding infringement (or non-infringement) or validity (or invalidity); provided, however, that if a single expert opines on both infringement and validity (or on both non-infringement and invalidity), then this limitation on number of deposition hours applies separately to that expert's testimony.

    i.    Infringement or Non-Infringement Experts:  Plaintiff may depose each non-infringement expert for the greater of seven (7) hours or three (3) hours times the number of asserted patents addressed by the expert. Defendants collectively may depose each infringement expert testifying against them for the greater of seven (7) hours or three (3) hours times the number of asserted patents addressed by the expert, plus 4 hours times the number of Manufacturer Defendants addressed by that expert, plus 2 hours times the number of Carrier Defendants addressed by that expert.

    ii.    Validity or Invalidity Experts:  In addition to the foregoing, Plaintiff may depose each invalidity expert for the greater of seven (7) hours or four (4) hours times the number of asserted patents addressed by the expert. Defendants, collectively, may depose each validity expert for the greater of seven (7) hours or four (4) hours times the number of asserted patents addressed by the expert.

    iii.    Damages Experts:  Plaintiff may depose each damages expert for the greater of seven (7) hours or 3 hours times the number of Defendants addressed by the expert.  Defendants, in each civil action, collectively may

    depose each damages expert testifying against them for up to seven (7) hours.

(h) Modification for Good Cause. Any party may later move to modify these limitations for good cause.  The parties recognize that they have conferred in good faith in an effort to proffer this agreed Discovery Order to the Court and have, thus, agreed to establish limits herein that one or more party may believe to be either excessive or insufficient in some way.  As such, the parties agree to continue to confer in good faith about modifications to this Order and recognize that any attempt by a party (or parties) to modify this Order by motion will not be prejudiced by the fact of having made the agreements set out herein.

**6.** **Privileged Information.** There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  At a date agreed upon by the parties, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of

    privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a

      written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

  (b)  Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

  (c)  Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

  (d)  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.** **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.** **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.** **Stipulations by the Parties Regarding Discovery:** None.

(a) Service by Electronic Mail. The Parties will make every effort to serve all documents electronically, by e-mail or through ECF. A party may serve all documents by e-mail on another party by sending the documents to the email group address designated by a party, or if no such group is designated, to email address for all counsel of record for the party. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served. For the avoidance of doubt, Local Rule CV-6(a) (adding 3 days for purposes of computing time to act within a specified time after service) applies to documents served by e-mail.

(b) ESI Order. The Court entered the Order Regarding E-Discovery currently governing this litigation on March 24, 2014 (Dkt. 97).

(c) Production Of Materials Obtained Via Third-Party Subpoena. A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 3 business days. Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

So ORDERED and SIGNED this 29th day of August, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE