# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

**DATE:** September 1, 2016

**JUDGE**
K. Nicole Mitchell

**Court Reporter:** Chris Bickham
**Law Clerk:** Prachi Mehta
**Courtroom Deputy:** Lisa Hardwick

| CELLULAR COMMUNICATIONS EQUIPMENT LLC<br><br>V<br><br>APPLE INC. ET AL | CIVIL ACTION NO: **6:14cv251**<br><br><br><br>**FINAL PRETRIAL CONFERENCE** |
|---|---|
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS** |
| SEE SIGN-IN SHEETS ||

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:02 a.m.     **ADJOURN:** 4:09 p.m.

| TIME: | MINUTES: |
|---|---|
| 9:02 a.m. | Case Called.  Appearances made (See Attorney Sign-In Sheet).  Parties announced ready to proceed. |
| 9:03 a.m. | The Court took up the recently filed motions. |
| 9:04 a.m. | Ed Nelson argued the Plaintiff's [257] Opposed Motion to Sever Claims Related to U.S. Patent 7,941,174.  Response by Doug Lumish.  The Court GRANTED the Motion to Sever. |
| 9:10 a.m. | Doug Lumish argued the Defendant's [256] Motion to Exclude the Testimony by CCE's Infringement Expert and to Strike His Report.  Response by Ed Nelson.  The Court DENIED the Motion. |
| 9:30 a.m. | Brad Caldwell addressed the Court re the Defendant's large witness lists as to who may or may not be called as witnesses.  Response by Doug Lumish.   Further argument by Wes Hill.  The Court wanted the Defendant's to provide the Plaintiffs with a list of who they are going to call as witnesses.  Mr. Hill addressed concerns re the time to serve subpoenas on these witnesses. |
| 9:40 a.m. | Chris Stewart addressed the additional filed Motions in Limine.  Response by Joseph Lee.  The Court took up the 10 disputed MILs and will discuss the additional MILs at a later time. |

**DAVID A. O'TOOLE, CLERK**

**FILED: 9/1/2016**

BY: *Lisa Hardwick*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:49 a.m. | Chris Stewart argued Plaintiff's MIL 5 (other litigation) and addressed the Defendant's related MIL 5 (other litigation). Response by Eric Findley. The Court GRANTED both MILS. Counsel are to approach the bench before addressing. |
| 10:01 a.m. | Eric Findley argued the Defendant's MIL 1 (financial amounts...not part of Mr. Green's report). Response by Chris Stewart. Plaintiff's related MIL 1 (royalty stacking) also argued. Further argument by Doug Lumish as to royalty stacking. The Court GRANTED Defendant's MIL 1 and DENIED Plaintiff's MIL 1. |
| 10:27 a.m. | COURT RECESSED |
| 10:43 a.m. | COURT RESUMED |
| 10:43 a.m. | Mr. Lumish re-visited the issues of Defendant's witnesses that may be called during trial. Response by Brad Caldwell and Wes Hill. The Court asked the parties to meet and confer to narrow these witnesses down over the lunch break. |
| 10:53 a.m. | Eric Findley argued the Defendant's MIL 2 (any argument, evidence, testimony, or reference implying that the benefits and importance of the '820 patent is derived from comparable to, co-extensive with the benefits and important of LTE). Response by Chris Stewart. The Court will allow the parties explain LTE in context as background. Further response by Mr. Caldwell. The Court will allow the background of LTE. |
| 11:06 a.m. | Jason McManus stated agreement as to exhibits. Plaintiff will withdraw PX-144. The Defendant dropped their objections to Plaintiff's Exhibits PX-118-128. |
| 11:07 a.m. | Jason McManus argued Plaintiff's MIL 10 (patents and licenses to prior art). Response by Gabrielle LaHatte. The Court DENIED MIL 10. |
| 11:15 a.m. | Jeff Homrig argued Defendant's MIL 6 (to preclude any testimony from CCE witnesses regarding subjects about which it blocked discovery by asserting privilege). Plaintiff's MIL 13 (questions that call for privilege) also argued Response by Chris Stewart. The Court GRANTED both Defendant's MIL 6 and Plaintiff's MIL 13 . |
| 11:23 a.m. | Wes Hill argued Plaintiff's MIL 4 (corporate character/structure). Response by Doug Lumish. The Court GRANTED Plaintiff's MIL 4, with caveats as stated on record. |
| 11:41 a.m. | Jeff Homrig argued Defendant's MIL 7 (preclude evidence, testimony or reference to any inter partes review involving the '820 Patent). Response by Don Puckett. The Court carried the Defendant's MIL 7. |
| 12:14 p.m. | COURT RECESSED |
| 1:34 p.m. | COURT RESUMED |
| 1:34 p.m. | Wes Hill updated the Court on the Defendant's witness list issues. There is only one witness (Heather Mewes) that Plaintiff's would like to be called in case-in-chief. Mr. Hill requested the Court order the subpoena be accepted. Response by Mr. Lumish. He would like to visit with his client as to her availability. |

PAGE 3  - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 1:37 p.m. | Mr. Hill also addressed the Court re the arguing of equitable issues and the calling of witnesses on those issues.  The Court concurred those will be heard outside of the presence of the jury and parties are to make the Court aware of any issues regarding when these witnesses will be needed so the Court can have hearings on these as the witnesses are available.  Mr. Caldwell also addressed the Court re witnesses on equitable issues. |
| 1:41 p.m. | The Court advised the parties that the Defendant's MIL 7 was GRANTED. |
| 1:42 p.m. | Jason McManus argued Plaintiff's MIL 3 (BSR usage).  Response by Joseph Lee.  The Court DENIED Plaintiff's MIL 3. |
| 2:02 p.m. | Jeff Homrig argued Defendant's MIL 10 (preclude evidence.relating to communications not culminating in a license). Response by Brad Caldwell. The Court GRANTED Defendant's MIL 10. |
| 2:22 p.m. | Wes Hill argued Plaintiff's MIL 7 (Dr. Caloyannides's stricken testimony). Response by Doug Lumish.  The Court carried the MIL. |
| 2:42 p.m. | Cassius Sims argued Defendant's MIL 4 (preclude evidence or testimony regarding Qualcomm's commercial success).  Response by Chris Stewart.  This is a MIL that should be included with the previously ruled on MILs 1 and 2.  MIL 4 was GRANTED. |
| 2:48 p.m. | Jason McManus argued Plaintiff's MIL 8 (improper invalidity arguments).  Response by Doug Lumish.  The Court GRANTED IN PART the Plaintiff's  MIL 8, with caveats as stated on record. |
| 3:00 p.m. | COURT RECESSED |
| 3:17 p.m. | COURT RESUMED |
| 3:17 p.m. | Gabrielle LaHatte stated Defendant's MIL 8 (preclude testimony from experts on areas outside of their area of expertise) had been agreed.  Chris Stewart concurred. Agreement stated on the record.  MIL 8 was GRANTED, as agreed. |
| 3:21 p.m. | Don Pucket stated Plaintiff's MIL 6 would like to be tabled pending agreement.   Parties are to meet and confer and work out an agreement.   The Court will be available to rule if agreement is not reached. |
| 3:23 p.m. | Jason McManus discussed some disputes regarding the Pretrial Order re the testimony of Apple's engineers designation.  Response by Doug Lumish.  No deposition that hasn't been designation should not be played to the jury unless its for impeachment.  Further argument /remarks by Bradley Caldwell. |
| 3:29 p.m. | Cassius Sims argued Defendant's MIL 9 (reference to potential infringement by defendants of prior art patents or arguing that prior art patens are unavailable as non-infringing alternatives without a license).  Response by Bradley Caldwell.   The Court DENIED MIL 9. |
| 3:34 p.m. | Don Puckett argued Plaintiff's MIL 9 (undisclosed expert testimony). Response by Jeff Homrig.  The Court GRANTED  MIL 9. |
| 3:41 p.m. | The Court did not allow the additional MIL points.  The Court encouraged the parties to continue to meet and confer on those. |

PAGE 4  - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 3:42 p.m. | The Court advised counsel of the following rulings: The Court DENIED the Motion for Summary Judgement regarding certain patents that are not prior art.  A written ruling will be issued regarding Calyonnades's expert report.  The Court DENIED [123] the marking . The Court GRANTED IN PART AND DENIED IN PART the Motion to Strike Green's testimony.  With regard to the Motion to exclude NSN documents and witnesses, DE 126 is DENIED.  The Court will issue written rulings. |
| 3:43 pm. | The Court advised the parties of trial times.  Mr. Caldwell stated the Plaintiff's position on trial times.  Mr. Lumish stated the Defendant's position as to trial times.  The Court gave the parties trial times for voir dire, opening, closing, and testimony.  Jury notebooks discussed. |
| 3:50 p.m. | Mr. Caldwell addressed the Court re the bench trial on equitable issues.  The Court gave an additional trial time for equitable issues. |
| 3:52 p.m. | Mr. Lumish addressed the Court regarding a witness Plaintiff's Dhiren Patel.  He has not been deposed and Defendant would like to take his deposition or that he be excluded.  Response by Brad Caldwell.  He would like to talk to his client.  The Court stated that if he is on the list, he will be deposed. |
| 3:55 p.m. | Additional trial matters discussed. |
| 3:59 p.m. | The Court addressed the parties regarding exhibits.  Parties are to meet and confer over before trial starts, to narrow the exhibits.  The Court will be available before court starts each day to address any exhibit issues. |
| 4:00 p.m. | Jason McManus requested the Court hear argument on one of the Plaintiff's Exhibit: PX-95.  Response by Joseph Lee.  The Court did not pre-admit the agreement.  Parties can meet and confer to see if they can come to an agreement. |
| 4:09 p.m. | There being nothing further, Court was Adjourned. |