IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT, LLC. | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 6:14-cv-251 |
| v. | § § | |
| APPLE INC. et al., | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants' Motion to Strike Portions of the Report on Noninfringement and Deposition Testimony of Dr. Caloyannides on Testing and to Preclude Plaintiff from Introducing Additional Evidence or Testimony. (Doc. No. 143) ("The Motion"). In the Motion, Defendants also request that the Court order CCE to produce the withheld information and testing data so that the Court can consider imposing Rule 37(c) sanctions. For the reasons below, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART.**

## BACKGROUND

CCE alleges that Apple, Inc. ("Apple"), and several mobile carriers[1] ("Defendants") infringe U.S. Patent No. 8,055,820 ("the '820 Patent"). Doc No. 1[2]. The '820 Patent is directed to the process of selecting between long and short formats for buffer status reports. Plaintiff hired Dr. Caloyannides as CCE's infringement expert. Defendants accuse Dr. Caloyannides of

---

[1] The carriers are AT&T Mobility LLC ("AT&T"), Cellco Partnership d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc. (collectively, "Carriers").
[2] Initially, CCE alleged infringement of multiple patents. The '820 Patent is the only one remaining.

1

offering infringement opinions without disclosing the testing data he relies on, in violation of Rule 26(a) of the Federal Rules of Civil Procedure.

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 26(a), a party must disclose its expert opinions "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Furthermore, Rule 26 "make[s] clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report." *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001).

Rule 26(a)(2) further "requires that the testifying expert's report 'contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; . . . .'" "The [] rule proceeds on the assumption that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony." *Pioneer*, 238 F.3d at 1375.

## ANALYSIS

Defendants request that this Court: (1) strike Dr. Caloyannides's expert opinions and deposition testimony regarding infringement of the accused devices; (2) preclude CCE from introducing additional testimony or evidence on testing; and (3) produce the testing information so that Defendants and the Court can determine whether additional sanctions are warranted.

### A. Dr. Caloyannides's Opinions and Deposition Testimony of the Accused Devices

Defendants first move to strike Dr. Caloyannides's opinions and testimony of the accused devices for failure to disclose testing results from two additional tests. Specifically, they argue that pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Dr. Caloyannides has not disclosed "all the information and data he considered in forming his [infringement] opinions." Doc. No. 143 at 1. Plaintiff responds that, "[a]ll of the test data considered by Dr. Caloyannides in connection with the infringement report in this case has been produced to the Defendants." Doc. No. 205 at 1.

Under Federal Circuit law interpreting Rule 26 of the Federal Rules of Civil Procedure, "documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report." *Pioneer*, 238 F.3d at 1375. Rule 26(a)(2) of the Federal Rules of Civil Procedure require that the testifying expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them; . . . ."

For example, in *Tantivy Communications v. Lucent Technologies*, the plaintiff moved to exclude expert testimony because the defendant withheld "interoperability testing data and documents." *Tantivy Commc'ns, Inc. v. Lucent Techs. Inc.*, No. CIV.A.2:04CV79 (TJW), 2005 WL 2860976, at *1 (E.D. Tex. Nov. 1, 2005). According to the court, these documents, which the plaintiff had repeatedly requested, related "directly to the issue of whether [the Defendant] infringed the plaintiff's] patents." *Id*. The court found the defendant's argument that "no such documents exist[ed]," to be not credible. *Id*. Finally, the court noted that "[a]s interoperability testing documents and documents relied upon by an expert are relevant to [the] case, they were

required to be produced. By failing to do so, [the defendant had] violated Fed.R.Civ.P. 26 . . . ." *Id.* at 2.

Here, Dr. Caloyannides's expert report states:

> the Accused Devices perform the method of claim 1 when they send Long, Truncated, or Short BSR types in the context of regular and periodic buffer status reporting. The Accused Devices perform the method of claim 1 when they send Truncated or Short BSR types in the context of padding buffer status reporting.

Doc. No. 143 (Ex. 1 ¶ 89). Yet, the Aggregate Counts Chart[3] in Dr. Caloyannides's report does not include infringement counts corresponding to truncated BSR types or any counts corresponding to regular, periodic, or padding buffer status reporting. The report only contains counts corresponding to long BSR counts and short BSR counts. *See* Aggregate Counts Chart.[4] When Defendants questioned Dr. Caloyannides about this gap during deposition, he admitted that these were the results of two additional tests performed:

> It was two sets of individuals. One was – the first set of testing, which was the most important one to me, the communication occurred I would say four, five months ago, give or take a month. And the other one was an individual that did tests, if I remember well, in the Texas metropolitan area, in a Texas metropolitan area.

Doc. No. 143 (Ex. 2 at 399:19-400:3). In response, Plaintiff clarifies that CCE:

> retained Dr. Caloyannides in connection with multiple cases in which CCE asserted the '820 Patent. Besides testing of Apple devices for the instant cases, CCE commissioned separate testing

---

[3] The Aggregate Counts Chart is a chart summarizing the results of the April 18-26, 2016 testing of Apple and unrelated devices. Doc. No. 143 (Ex. 1 at Exhibit 5 ("Aggregate Counts of BSR Collected") (hereinafter Aggregate Counts chart).).

[4] To this end, Defendants also move to strike Dr. Caloyannides's infringement opinions because "there are discrepancies in the methodology used to conduct those purported tests." Doc. No. 143 at 4. For instance, Defendants point out that Dr. Caloyannides's testimony that the testing equipment was "hardwired" to the accused device being tested (Doc. 143 (Ex. 2 at 412: 5-9, 416:18-418.6, 408:3-15)) conflicts with opinions in Dr. Caloyannides's report, which assert that the testing equipment captured "radio signals transmitted between a terminal and a cellular LTE base station" rather than wired signals. Doc. 143 (Ex. 1 at 178). However, concerns about factual inconsistencies go to weight, not admissibility. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012) ("[D]isagreements … with the conclusions reached by ActiveVideo's expert and the factual assumptions and considerations underlying those conclusions, not his methodology . . . go to the weight to be afforded the testimony and not its admissibility.").

> of Samsung and LG devices. Dr. Caloyannides did not rely on the Samsung and LG testing for his report in this case, but it served as a source of confusion for Dr. Caloyannides when answering questions from memory. Dr. Caloyannides's mistaken testimony from memory stoked Mr. Chaikovsky's overzealous deposition cross examination.

Doc. No. 205 at 1.

Even assuming this is true, Plaintiff's response fails to address the deficiency that CCE did not provide testing data for infringement counts corresponding to truncated BSR types or regular, periodic, or padding buffer status reporting. Further, Plaintiff's response points out a new deficiency. Plaintiff argues that although Dr. Caloyannides did perform testing of separate Samsung and LG devices, he did not rely on those test results for his report in this case. *Id.* at 4. This sharply contrasts with the Aggregate Infringement Chart in his own report, in which ten out of twenty devices he tested are non-Apple devices (HTC, Samsung, and ZTE). *See* Aggregate Infringement Chart.

The Court **GRANTS-IN-PART** Defendants' Motion to Strike. Those Portions of the Report on Noninfringement and Deposition Testimony of Dr. Caloyannides that rely on undisclosed testing data are excluded, as well as any mention of HTC, Samsung, or ZTE device testing.

### B. ADDITIONAL TESTIMONY OR EVIDENCE ON TESTING

Next, Defendants contend that the Court should preclude CCE from introducing any additional evidence from or testimony by Dr. Caloyannides or any CCE witness relating to testing. Doc. No. 143 at 9. Plaintiff does not respond to this argument.

This Motion is denied except for what is excluded above.

C.  ADDITIONAL SANCTIONS UNDER RULE 37

Finally, Defendants argue that the Court should compel CCE to produce the additional testing information so that Defendants and the Court can determine whether additional sanctions are warranted. Doc. No. 143 at 11. CCE argued that testing was actually for cases other than this case. The Court excluded these tests. Defendants' Request to Compel Production of the Additional Testing Information is **DENIED.**

## CONCLUSION

Defendants' Motion to preclude certain testimony and opinions from Dr. Caloyannides is hereby **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant's Motion to compel data for purposes of sanctions is **DENIED**.

So ORDERED and SIGNED this 2nd day of September, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE