UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Cellular Communications Equipment LLC** | § | |
| | § | |
| v. | § | CASE NO. 6:14-cv-251-KNM |
| | § | |
| Apple Inc., et al. | § | JURY TRIAL DEMANDED |

## ORDER REGARDING MOTIONS *IN LIMINE*

Before the Court are Plaintiff Cellular Communications Equipment LLC's ("Plaintiff") Motion *in Limine* (Doc. No. 206) and Defendant Apple Inc., *et al*'s ("Defendant") Motion *in Limine* (Doc. No. 208). The Court held a pretrial conference in this case on September 1, 2016. This Order memorializes the Court's *in limine* rulings as set forth from the bench.

A. **Plaintiff's Motion *in Limine* (Doc. No. 206)**

1. Any argument, evidence, testimony, or reference regarding (i) royalty stacking, or (ii) the price of any Qualcomm chips.

   **DENIED.**

2. Any argument, evidence, testimony, or reference regarding unaccepted offers to purchase the patent-in-suit, the Plaintiff, or affiliates of the Plaintiff.

   **GRANTED.**

3. Any argument, evidence, testimony, or reference by Defendants to the frequency or usage of different types of BSRs, including by reference to CCE testing.

   **DENIED**.

4. Any argument, evidence, testimony, or reference regarding irrelevant terms like "non-practicing entities," "double dipper,", "shell company," etc.; to CCE's financial relationship to its parent company or the number or existence of irrelevant sister companies; or to the number of Defendants' employees or financial consequences to Defendants of a verdict.

**GRANTED.** However, Defendants can reference the fact that Plaintiff does not practice the patents.

5. Any reference by way of statement, argument, or evidence to other litigation involving Defendants, CCE, Acacia, NSN, or any other parent, child, sister, affiliate, or related company; or argument, reference, or suggestion that CCE did not sue any party other than those currently at trial; this MIL does not exclude reference to licenses resulting from litigation (though it does exclude the fact that those licenses resulted from litigation).

**GRANTED.**

6. Any argument, evidence, testimony, or reference regarding Defendants' pre-suit retention of counsel, reliance on in-house legal departments, advice received from counsel, or evidence of non-infringement provided by counsel.

**CARRIED** at request of the parties. The parties will attempt to resolve this amongst themselves.

7. Any argument, evidence, testimony, or reference regarding Dr. Caloyannides's unavailability to continue his testimony before the ITC, and any consequences therefrom.

**GRANTED**.

8. Any argument, evidence, testimony, or reference by Defendants regarding (i) unelected prior art used for any purpose, (ii) invalidity theories not disclosed in their contentions (including derivation), or (iii) Defendants not infringing because they practice the prior art.

**GRANTED-IN-PART.** The parties will not use the "general state of the art" to back door in references that were not disclosed. Experts may discuss the general state of the art; however, the parties are to keep specific references to the disclosed references. Defendants are also not allowed to claim they do not infringe because they practice the prior art.

**DENIED** with regard to derivation.

9. Any argument, evidence, testimony, or reference regarding expert testimony not previously disclosed, including lay testimony about infringement, claim term meaning, invalidity, or other matters requiring technical or specialized knowledge.

**GRANTED.**

10. Any argument, evidence, testimony, or reference regarding Defendants' own patents or licenses to the prior art.

**DENIED-IN-PART,** as to limited purposes of proving invalidity and willfulness.

**GRANTED-IN-PART,** as to purpose of disproving infringement.

B. **Defendant's Motion** *in Limine* **(Doc. No. 208)**

1. Any argument, evidence, testimony, or reference about financial amounts that are not part of Mr. Green's damages analysis, that are irrelevant to this action, and that are otherwise intended to present large numbers to the jury to create the impression that CCE's damages claim is small by comparison.

**GRANTED**.

2. Any argument, evidence, testimony, or reference implying that the benefits and importance of the '820 patent is derived from, comparable to, coextensive with the benefits and importance of LTE.

**GRANTED**. The Court will allow Plaintiff to present the LTE Standard as background to contextualize the '820 Patent. Plaintiff may not conflate the LTE Standard with the '820 Patent.

3. Any evidence, testimony, or argument that the '820 Patent is entitled to a priority date earlier than November 5, 2007. This motion *in limine* does not preclude evidence or testimony about the authorship of R2-074682 (DTX-569), but CCE is precluded *in limine* from using that evidence to show conception, diligence, and reduction to practice of the invention of the patents in suit.

**AGREED** to prior to the hearing.

4. To preclude evidence, or testimony regarding Qualcomm's commercial success.

**GRANTED**. The parties will approach the bench before discussing Qualcomm's commercial success.

5. To preclude reference to any litigation involving the defendants other than the present litigation.

**GRANTED**.  This does not exclude references to the fact that certain licenses resulted from litigation.

6. To preclude any testimony from CCE witnesses regarding subjects about which it blocked discovery by asserting privilege.

**GRANTED.**  To the extent any witness or CCE took the position that a particular subject matter was privileged in deposition and discovery, it will remain privileged.  The Court will dispose of this issue as it comes up in the context of trial.  The Court orders the parties to approach the bench before presenting such testimony to the jury.

7. To preclude evidence, testimony, or reference to any *inter partes* review involving the '820 Patent.

**GRANTED.**

8. To preclude testimony from experts on areas outside of their area of expertise.

**GRANTED as agreed.**

9. Reference to potential infringement by Defendants of prior art patents or arguing that prior art patents are unavailable as non-infringing alternatives without a license.

**DENIED.**

10. To preclude evidence, argument, or testimony relating to communications subject to Fed. R. Evid. 408, including without limitation settlement negotiations that have not culminated in a license.

**GRANTED-IN-PART.**  As stated at the hearing, the parties will continue to work toward a resolution that allows each side to address its relevant issues (i.e. notice and willfulness) without disclosing that these were settlement discussions.

So ORDERED and SIGNED this 2nd day of September, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE