**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| Plaintiff, | § § § | Civil Action No. 6:14-cv-00251-KNM |
| v. | § § | **JURY TRIAL DEMANDED** |
| **APPLE INC., et al.,** | § § § | |
| Defendants. | § | |

**PLAINTIFF'S RULE 50(A) MOTION FOR SUMMARY JUDGMENT
AS A MATTER OF LAW AS TO APPLE'S DEFENSES OF
<u>IMPROPER INVENTORSHIP AND DERIVATION</u>**

**TABLE OF CONTENTS**

I.  LEGAL STANDARD ................................................................................................... 1

II. ARGUMENT ............................................................................................................... 2

    A.  Apple Has Presented No Evidence from the Putative Inventor,
        Nor Has Apple Even Identified a Putative Inventor ........................................ 3

    B.  Apple Has Not Proven Conception by a Natural Person ................................. 3

    C.  Apple Has Presented No Evidence of Communication of a
        Definite and Permanent Idea to Mr. Sebíre ..................................................... 6

    D.  Apple Has No Remaining Percipient Witnesses to Address Its
        Shortcomings of Proof ..................................................................................... 7

III. CONCLUSION ............................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc.*
   776 F.3d 837 (Fed. Cir 2015) ................................................................................................. 6

*Burroughs Wellcome Co. v. Barr Labs., Inc.*
   40 F.3d 1223 (Fed. Cir. 1994) ............................................................................................ 2, 5

*Caterpillar Inc. v. Sturman Indus., Inc.*
   387 F.3d 1358 (Fed. Cir. 2004) ............................................................................................. 2

*Eaton Corp. v. Rockwell Int'l Corp.*
   323 F.3d 1332 (Fed. Cir. 2003) ............................................................................................. 1

*Eli Lilly & Co. v. Aradigm Corp.*
   376 F.3d 1352 (Fed. Cir. 2004) ............................................................................................. 1

*Gambro Lundia AB v. Baxter Healthcare Corp.*
   110 F.3d 1573 (Fed. Cir. 1997) ......................................................................................... 1, 6

*Garret Corp. v. U.S.*
   422 F.2d 874 (Ct. Cl. 1970) .................................................................................................. 2

*General Elec. Co. v. Wilkins*
   750 F.3d 1324 (Fed. Cir. 2014) ............................................................................................. 3

*Hess v. Advanced Cardiovascular Sys., Inc.*
   106 F.3d 976 (Fed. Cir. 1997) ............................................................................................ 2, 5

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*
   802 F.2d 1367 (Fed. Cir. 1986) ............................................................................................. 2

*Land v. Dreyer*
   155 F.2d 383 (C.C.P.A. 1946) .............................................................................................. 2

*Oasis Research, LLC v. Carbonite, Inc.*
   No. 10-cv-435, 2015 WL 123642, (E.D. Tex. Jan. 8, 2015) ............................................. 3, 5

*Pannu v. Iolab Corp.*
   155 F.3d 1344 (Fed. Cir. 1998) ............................................................................................. 1

*The F.B. Leopold Co., Inc. v. Roberts Filter M'fg. Co., Inc.*
   No. 96-1218, 1997 WL 378004 (Fed. Cir. July 2, 1997) ...................................................... 1

*Univ. of Utah v. Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V.*
  734 F.3d 1315 (Fed. Cir. 2013) .................................................................................... 2, 4

*z4 Technologies, Inc. v. Microsoft Corp.*
  No. 06-cv-142, 2006 WL 2401099 (E.D. Tex. Aug. 18, 2006) (Davis, J.) ................................. 4

**Rules**

FED. R. CIV. P. 50(a) ........................................................................................................... 2, 5

FED. R. CIV. P. 50(a)(2) ........................................................................................................... 3

Case 6:14-cv-00251-KNM Document 283 Filed 09/13/16 Page 4 of 13 PageID #: 11045

Apple has identified no claimed invention of the '820 patent that has been contributed to or derived from any person other than Mr. Benoist Sebíre.  Apple has identified no person who allegedly contributed to the inventions claimed in the '820 patent or from whom the inventions claimed in the '820 patent are allegedly derived.  Apple has corroborated no such contribution.  Without question, Apple has failed to meet its burden of proving improper inventorship or derivation by clear and convincing evidence as a matter of law.  Vague, unsustainable allegations of derivation and improper inventorship cannot continue to taint this trial, and CCE respectfully requests judgment as a matter of law on these defenses.

## I.     LEGAL STANDARD

Section 102(f) can provide the basis for a finding of invalidity for either improper inventorship (*i.e.*, non-joinder) or derivation.  *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350–51 (Fed. Cir. 1998); *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1344 (Fed. Cir. 2003).  In order to be entitled to be named as a co-inventor on a patent, however, a person must "contribute[] to the conception of the claimed invention."  *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004).  A defendant must prove this contribution to conception by clear and convincing evidence.  *Id.* at 1362.  Similarly, "[t]o prove derivation . . . 'the party asserting invalidity must prove both prior conception of the invention by another and communication of that conception to the patentee' by clear and convincing evidence."  *Eaton Corp.*, 323 F.3d at 1344 (quoting *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997).  Importantly, derivation must not be determined from multiple sources, but requires actual anticipation of the claimed invention.  *The F.B. Leopold Co., Inc. v. Roberts Filter M'fg. Co., Inc.*, No. 96-1218, 1997 WL 378004, at *2 (Fed. Cir. July 2, 1997).

"Conception is the touchstone of inventorship, the completion of the mental part of invention.  *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1227–28 (Fed. Cir. 1994).

1

It is "the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986).  "An idea is definite and permanent when the inventor has a specific, settled idea, a particular solution to the problem at hand, not just a general goal or research plan he hopes to pursue." *Burroughs*, 40 F.2d at 1228.[1] Because conception is a mental act, "inventors must be natural persons and cannot be corporations . . . ." *Univ. of Utah v. Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V.*, 734 F.3d 1315, 1323 (Fed. Cir. 2013).  Merely contributing components or principles known in the prior art is insufficient to rise to the level of conception.  *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 981 (Fed. Cir. 1997).

Finally, "[a]n alleged co-inventor must supply evidence to corroborate his or her testimony." *Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004).  Without corroboration, testimony of conception is insufficient to satisfy the clear and convincing evidence burden.  *Id.*

## II.     ARGUMENT

Judgment as a matter of law is appropriate when "a reasonable jury would not have a legally sufficient basis to find for the party on that issue." FED. R. CIV. P. 50(a).  Another court in this district has already granted judgment as a matter of law and a new trial based on permitting a jury to reach a verdict on the issue of improper inventorship without the appropriate identification of an alternate inventor and corroborative evidence.  *Oasis Research, LLC v.*

---

[1] *See also Garret Corp. v. U.S.*, 422 F.2d 874, 881 (Ct. Cl. 1970) ("One who merely suggests an idea of a result to be accomplished, rather than means of accomplishing it, is not a joint inventor."); *Land v. Dreyer*, 155 F.2d 383, 387 (C.C.P.A. 1946) ("The party claiming conception of an invention must show that it was complete and operative . . . . It is not sufficient, therefore, to show that a party claiming an invention has conceived a result to be obtained . . . .").

2

*Carbonite, Inc.*, No. 10-cv-435, 2015 WL 123642, (E.D. Tex. Jan. 8, 2015).  Because Apple has not identified an alleged true or co-inventor, has not presented evidence of communication of any idea—let alone a definite and permanent one—to Mr. Sebíre, and has not introduced sufficient corroborative evidence, Apple cannot meet its clear and convincing burden of proof.  Accordingly, judgment as a matter of law should be granted.[2]

### A.     Apple Has Presented No Evidence from the Putative Inventor, Nor Has Apple Even Identified a Putative Inventor.

In order for an inventorship defense to succeed, "the putative inventor must first provide credible testimony that only then must be corroborated." *General Elec. Co. v. Wilkins*, 750 F.3d 1324, 1329 (Fed. Cir. 2014).  Apple has not elicited any testimony from any person who claims to be the true inventor, or a co-inventor, of any claim of the '820 patent.  And even if Apple could have relied upon third party testimony to identify the missing putative inventor, Apple has not identified by name (in contentions or at trial) any person other than Mr. Sebíre himself who claims to have invented anything actually claimed in the '820 patent.  In short, Apple has presented no evidence of a putative inventor, let alone evidence rising to meet its clear and convincing burden.  Accordingly, no reasonable jury would have a legally sufficient basis to rule in Apple's favor on its defenses of improper inventorship or derivation and judgment, and those defenses fail as a matter of law.

### B.     Apple Has Not Proven Conception by a Natural Person.

Apple's failure to identify an actual person who allegedly contributed to the inventions claimed in the '820 patent or from whom it contends Mr. Sebíre derived its invention destroys its

---

[2] "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." FED. R. CIV. P. 50(a)(2).  Although Apple has not yet rested its case as of the time of filing of this brief, Apple has no additional percipient witnesses through which it can introduce direct or corroborative evidence of inventorship.

3

inventorship and derivation defenses for another reason. In order to succeed on either theory, Apple "must identify an individual inventor . . . that actually conceived the invention." *z4 Technologies, Inc. v. Microsoft Corp.*, No. 06-cv-142, 2006 WL 2401099, at *15 n.10 (E.D. Tex. Aug. 18, 2006) (Davis, J.). Because conception requires an inventor to be a natural person, *Univ. of Utah*, 734 F.3d at 1323, Apple's failure to identify a natural person is fatal to its inventorship and derivation defenses.

Dr. Stattin's testimony was, at best, equivocal as to whether he or someone else could possibly have drafted the text that Apple purportedly contends discloses Mr. Sebíre's invention.[3] *See, e.g.*, 9/9 a.m. TT at 30:21–24 (Dr. Stattin acknowledging that there may be input on DTX-754 from Ericsson and other companies); *id.* at 39:3–40:1 (Dr. Stattin acknowledging that although both he and Dr. Peisa contributed to working group discussions, so did all other companies at the workshop). Moreover, whether Dr. Stattin himself input text into the presentation is not, in and of itself, indicative of inventorship. Tellingly, when questioned, Dr. Stattin explicitly refused to claim that he is the true inventor of any claims of the '820 patent. *See, e.g.* 9/9 a.m. TT at 58:15–59:3. Further, even if Dr. Stattin had identified himself or Dr. Peisa, the Ericsson presentations introduced by Apple do not provide corroborative evidence because Dr. Stattin testified that they were vague, open to multiple interpretations, or left key questions unanswered. *See, e.g.*, 9/9 a.m. TT at 43:11–19 (noting that the slide discussing how to choose between BSR formats in DTX-756 is "a little bit vague"); *id.* at 69:17–70:1 (Dr. Stattin testifying that the question of which format of BSR should be sent was left unresolved, and

---

[3] Apple has never actually contended that the inventions claimed in the '820 patent are disclosed by the joint proposal R2-074682 (which contains the summary of agreements from the October 2007 meeting in Helsinki). At no point in this case has Apple contended that R2-074682 or any Ericsson presentations in evidence in this case anticipates any claims of the '820 patent.

4

nothing in DTX-756 answers that question); *id.* at 74:15–23 (Dr. Stattin testifying that Proposal 6 in DTX-569 discloses two types of BSRs, but does not state under which conditions each type should be used).

Critically, Dr. Stattin was unable to identify any aspect of the Ericsson presentations or other documents that actually disclose any claimed inventions of the '820 patent.[4] If anything, the evidence presented by Apple "reflect[s] that the group collaborated on their ideas as a team." *Oasis Research*, 2015 WL 123642, at *9. "The documents do not credit a particular person with any specific idea or contribution." *See id.* Dr. Stattin did not supplement the documents by attributing ideas to certain people, much less corroborate any attributions. Not only has Apple failed to present an alleged co-inventor, but its corroborative evidence fails as well.

"To be a co-inventor, one must 'conceive[] some important element or some important claim that is claimed in the patent." *Oasis Research*, 2015 WL 123642, at *7 (citing *Hess*, 106 F.3d at 980). Apple has identified no person who meets that definition. Indeed, Dr. Stattin confirmed multiple times that Apple's lawyers have never even shown him the claims of the '820 patent, so he could not testify whether he (or anyone else) had contributed to any of the inventions claimed in the '820 patent by Mr. Sebíre.[5] *See* 9/9 a.m. TT at 58:15–59:3; *id.* at 59:22–60:4; *id.* at 78:8–16; *id.* at 84:17–85:3; *id.* at 97:9–12. This is fatal to Apple's improper inventorship and derivation defenses.

---

[4] At best, Dr. Stattin's testimony regarding the Ericsson documents reflects that the members of the RAN2 working group in October 2007 had identified a problem that needed to be solved. But it is settled law that "a general goal or research plan" is not a "definite and permanent idea" sufficient to establish conception. *Burroughs*, 40 F.2d at 1228.

[5] It is true that counsel for Apple questioned Mr. Sebíre regarding claims 8 and 19 of the '820 patent with respect to the "6 bit buffer size" element. 9/7 a.m. TT at 70:12–25. But even if Apple had proof that Dr. Stattin (or someone else) provided that claim element to Mr. Sebíre—and Apple has none—there is no evidence to suggest that this was not merely a principle or component known in the prior art. This is legally insufficient. *Hess*, 106 F.3d at 981.

### C. Apple Has Presented No Evidence of Communication of a Definite and Permanent Idea to Mr. Sebíre.

Even if it could be assumed that Apple had proven conception by a natural person by clear and convincing evidence, Apple has presented no evidence to the jury of a communication of an idea to Mr. Sebíre. This is fatal to both the inventorship and derivation defenses. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc.*, 776 F.3d 837, 8456–46 (Fed. Cir 2015) (inventorship defense requires showing that the alleged co-inventors "have some open line of communication during or in temporal proximity to the inventive efforts" and that "each inventor must contribute to the joint arrival at a definite and permanent idea"); *Gambro Lundia AB*, 110 F.3d at 1576 (derivation requires conception by another and communication to the patentee).

The most Dr. Stattin could confirm was that he "believe[s] [Ericsson] contributed the idea to use multiple different buffer status reporting formats." 9/9 a.m. TT at 47:9–11. But CCE and Mr. Sebíre have been clear from the outset of this case that the invention of the '820 patent cannot be described as simply using long and short BSRs. *See, e.g.*, 9/6 p.m. TT at 104:8–14. At best, Dr. Stattin identified that "how to select long and short" BSRs may have been discussed at the October 2007 meetings in Helsinki and that Ericsson may have shared some of its ideas with the workshop members. 9/9 a.m. TT at 53:4–21. And although Mr. Sebíre was in attendance at that workshop (*id.* at 53:22–23), there is no evidence in the record that a definite and permanent idea disclosing the inventions claimed in the '820 patent was communicated to Mr. Sebíre (or even that any such hypothetical idea came from someone other than Mr. Sebíre himself). At most, the evidence supports the notion that Mr. Sebíre's LTE contribution, R2-080015 (which was made after his provisional application was filed), was "consistent with [Ericsson's] ideas and what [they] were thinking." 9/9 a.m. TT at 92:16–25. In other words, Ericsson agreed with Mr. Sebíre's idea—they did not give it to him.

6

Finally, there is no evidence that any alleged Ericsson ideas capture the complete invention described in the claims of the '820 patent. And because Apple has not presented any evidence that a definite and permanent idea was communicated to Mr. Sebíre, its improper inventorship and derivation defenses must fail as a matter of law. *See* 9/9 a.m. TT at 50:3–7 (Dr. Stattin testifying that different readers may have different understandings of what was captured in the BSR proposal).

### D. Apple Has No Remaining Percipient Witnesses to Address Its Shortcomings of Proof.

The only remaining witnesses for Apple in this case have no factual knowledge on the issues of inventorship or derivation. Thus, Apple has no means by which it may introduce further testimony or corroborative evidence to support its defenses of invalidity for improper inventorship or derivation. Accordingly, the failures of proof discussed herein cannot be cured and judgment as a matter of law is appropriate.

## III. CONCLUSION

Because Apple has failed to introduce legally sufficient evidence such that no reasonable jury could find for Apple on the issues of improper inventorship and derivation, CCE respectfully requests judgment as a matter of law against Apple's improper inventorship and derivation defenses.

DATED: September 13, 2016                     Respectfully submitted,

/s/ Bradley W. Caldwell
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Ryan P. Griffin
ryan@nelbum.com
Texas State Bar No. 24053687
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
**CALDWELL CASSADY & CURRY**
2101 Cedar Springs Road, Suite 1000
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
**WARD, SMITH, & HILL PLLC**
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR CELLULAR COMMUNICATIONS EQUIPMENT LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 13th day September, 2016.  Local Rule CV-5(a)(3)(A).

                                                */s/ Bradley W. Caldwell*
                                                Bradley W. Caldwell