**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS** | § | |
| **EQUIPMENT LLC,** | § | |
| | § | **Civil Action No. 6:14-cv-00251-KNM** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION TO STRIKE APPLE'S UNPLEADED AND UNTIMELY
INEQUITABLE CONDUCT DEFENSE FROM APPLE'S POST-TRIAL FILINGS**

## <u>TABLE OF CONTENTS</u>

I.   LEGAL AUTHORITIES.................................................................................................. 1

II.   ARGUMENT ............................................................................................................... 4

    1.   Apple Previously Agreed That It Did Not Have an Inequitable Conduct Defense..... 4

    2.   Apple Did Not Raise Inequitable Conduct at a Pragmatically Sufficient Time.......... 6

    3.   Apple's Failure to Plead or Otherwise Raise the Issue of Inequitable Conduct
       Prejudiced CCE's Ability to Respond to the Defense................................................ 8

III.CONCLUSION.............................................................................................................. 9

# TABLE OF AUTHORITIES

## CASES

*Advocare Int'l LP v. Horizon Labs., Inc.*,
    524 F.3d 679 (5th Cir. 2008) ........................................................................................... 1

*Allied Chem. Corp. v. Mackay*,
    695 F.2d 854 (5th Cir. 1983) ...................................................................................... 1, 5

*Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*,
    418 F. App'x 327 (5th Cir. 2011) ...................................................................................... 3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)..................................................................................... 1, 4

*Flannery v. Carroll*,
    676 F.2d 126 (5th Cir. 1982) ........................................................................................... 2

*Ingraham v. United States*,
    808 F.2d 1075 (5th Cir. 1987) .................................................................................. 2, 8, 9

*LSREF2 Baron, L.L.C. v. Tauch*,
    751 F.3d 394 (5th Cir. 2014) ............................................................................. 1, 3, 4, 7, 8

*Morris v. Homeco Int'l*,
    853 F.2d 337 (5th Cir. 1988) .................................................................................. 2, 3, 5, 7

*Simon v. United States*,
    891 F.2d 1154 (5th Cir. 1990) ............................................................................. 2, 5, 7, 8, 9

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011).................................................................................... 1, 6

*Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*,
    308 F.3d 1167 (Fed. Cir. 2002)................................................................................ 3, 4, 9

*Vanhoy v. United States*,
    514 F.3d 447 (5th Cir. 2008) ........................................................................................... 4

## RULES

FED. R. CIV. PROC. 8(c)(1) ................................................................................................ 1

FED. R. CIV. PROC. 9(b)..................................................................................................... 1

FED. R. CIV. PROC. 16(d)............................................................................................. 2, 5, 7

FED. R. CIV. PROC. 16(e)............................................................................................. 2, 5, 7

## REGULATIONS

37 C.F.R. § 1.56 .............................................................................................................. 5

Apple has waived inequitable conduct as a defense in this case.  Apple did not plead the affirmative defense of inequitable conduct in its Answers and did not raise the defense at a pragmatically sufficient time.  This failure prejudiced CCE's ability to respond to the defense, a defense that has been recognized to be particularly fact intensive.  Apple certainly could have pleaded this defense in its answer.  There can be no excuse for Apple's failure to do so.  Accordingly, CCE respectfully requests that the Court strike the inequitable conduct allegations and statements in Apple's Rule 52 Motion (Dkt. No. 354) and Proposed Findings of Fact and Conclusions of Law (Dkt No. 356).

## I.      LEGAL AUTHORITIES

Inequitable conduct is an equitable defense that must be affirmatively and particularly pleaded.  *See* FED. R. CIV. PROC. 8(c)(1), 9(b); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) ("Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent."); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (explaining that inequitable conduct must be pleaded with particularity under Rule 9(b)).  "Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case."  *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014).  Waiver can be avoided if the issue is raised at a "pragmatically sufficient time" and does not "prejudice the plaintiff in its ability to respond."  *See id.*; *see also Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983) ("Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal.").

As the parties approach trial, the "pretrial order is the pleading on which the case goes to trial."  *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (holding that

defense was not waived when it was included in the pretrial order); *see also* FED. R. CIV. PROC. 16(d) ("Pre-trial Orders.  After any conference under this rule, the court should issue an order reciting the action taken. ***This order controls the course of the action unless the court modifies it.***") (emphasis added), 16(e) ("Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence….The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.").  "Once a pretrial 'order is entered, it controls the scope and course of the trial.... If a claim or issue is omitted from the order, it is waived.'"  *Simon v. United States*, 891 F.2d 1154, 1158 (5th Cir. 1990) (quoting *Flannery v. Carroll,* 676 F.2d 126, 129 (5th Cir. 1982)); *see also Morris v. Homeco Int'l*, 853 F.2d 337, 342 (5th Cir. 1988) ("The purpose of Rule 8(c), like the purpose of the requirement that the pretrial order contain all relevant claims and legal theories, is to inform the court and the parties how the case will be tried.").

In cases where a defendant failed to raise an unpleaded affirmative defense prior to the conclusion of trial, the Fifth Circuit has held that the defense was waived because the plaintiff was deprived of an opportunity to account for the defense as it prepared its trial strategies and an opportunity to introduce its own evidence on the issue.  *See Ingraham v. United States,* 808 F.2d 1075, 1079-80 (5th Cir. 1987) (holding that affirmative defense was waived when the issue was not timely raised in pleadings or at trial and noting that plaintiffs could have had opportunity to alter trial strategy had they known that the issue would be raised).  Similarly, where an unpleaded affirmative defense was not included in a pretrial order, the Fifth Circuit has found that defense to be waived.  *See Simon*, 891 F.2d at 1158 (holding that affirmative defense was waived when not pleaded in answer, not included in pretrial order, and not raised at trial and noting that the evidence and argument at trial would have been different if plaintiff had known

2

about the defense); *Morris*, 853 F.2d at 342 (holding that district court erred in granting relief on defense that was not pleaded in answer, not raised in pretrial conference, and not included in pretrial order).

Moreover, the Fifth Circuit has also affirmed the exclusion of arguments and evidence related to an unpleaded affirmative defense even ***before*** trial started where litigating the defense would have been highly fact intensive, and the late assertion of the defense was impractical.  *See Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, 418 F. App'x 327, 330–31 (5th Cir. 2011) (unpublished) (noting that the trial court was not required to further delay trial or reopen fact discovery at the last minute when the defendant could have previously raised arguments). Similarly, the Fifth Circuit has affirmed the exclusion of an affirmative defense before trial when the district court found that the defendant was "long familiar with the [affirmative defense] he sought to raise," did not raise it in a pragmatically sufficient time, and prejudiced the plaintiff. *See LSREF2 Baron*, 751 F.3d at 402. (explaining that "the claim would require proof of additional facts beyond the face of the complaint, the general allegations in [defendant's] answer failed to provide any notice that defenses might be raised as the case progressed, all of the critical pretrial deadlines had passed or were about to expire, and even at the late date that [defendant] raised his [affirmative defense] he did not request leave to amend.").

Employing similar reasoning, the Federal Circuit has affirmed the denial of JMOL on an unpleaded inequitable conduct defense when the defendant did not provide notice that it was "mounting an inequitable conduct case" at trial.  *See Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1190 (Fed. Cir. 2002).  The Federal Circuit noted that neither the district court nor the plaintiff was aware that the defendant was asserting an inequitable conduct claim, and as a result, the plaintiff did not present its own evidence on the

issue.  *See id.*  In affirming the denial of JMOL, the Federal Circuit specifically rejected an argument that the defendant introduced evidence at trial that was relevant to multiple defenses.  *See id.*  ("Even assuming *arguendo* that [defendant] introduced evidence that was relevant to both its validity and its inequitable conduct defenses, this does not change the fact that [defendant] failed to give notice that it was pursuing the inequitable conduct issue.").[1]

## II.    ARGUMENT

Apple did not plead inequitable conduct in its answer or amended answer.  *See* Dkt. No. 83 at 12-17 (listing affirmative defenses); Dkt. No. 89 at 12-17 (listing affirmative defenses).  In fact, even in its amended answer (Dkt. 89), Apple added an additional affirmative defense but left out inequitable conduct.  Thus, Apple has waived its inequitable conduct defense unless Apple can establish: (i) that it raised the issue at a pragmatically sufficient time; and (ii) that the late assertion of the unpleaded defense does not prejudice CCE.  *See LSREF2 Baron*, 751 F.3d at 398..  Apple can establish neither.

### 1.    Apple Previously Agreed That It Did Not Have an Inequitable Conduct Defense.

In preparation of the joint pretrial order, Defendants[2] provided CCE with their statement of contentions.  *See* McManis Decl. ¶ 2, Ex. A.  That statement did not include inequitable conduct as a defense raised by Apple or any of the carriers.  *Id.*  During the next meet-and-confer, counsel for CCE asked Defendants (some of whom had pleaded inequitable conduct) whether they were dropping their inequitable conduct defense.  *Id.* ¶ 3.  Defendants replied that

---

[1] Some unpleaded defenses are not necessarily waived ***if*** the defense is a purely legal issue that requires no factual development.  *See, e.g.*, *Vanhoy v. United States*, 514 F.3d 447, 449-50 (5th Cir. 2008) (finding that question of whether statutory damages limitation required creation of reversionary trust was a legal issue that did not require factual proof for resolution).  Inequitable conduct, however, is a highly fact intensive determination even requiring specialized pleading under Rule 9(b).  *Exergen*, 575 F.3d at 1326.

[2] The joint pretrial order was prepared before the case was severed.  *See* Dkt. No. 245.

4

they were not dropping the defense, and counsel for CCE advised that Apple had no inequitable

conduct defense because Apple had not pleaded it in its Answers. *Id.* ¶ 4. Tellingly, the next

draft of Defendants' contentions for the joint pretrial order listed the carrier defendants as the

only defendants pursuing an inequitable conduct defense. *Id.* ¶ 5, Ex. B. In this way, Apple,

itself, acknowledged that it had no inequitable conduct defense in this case. When the Proposed

Joint Final Pretrial Order was filed with the Court, the final document reflected that the

carriers—but not Apple—were contending that the asserted patent was unenforceable due to

inequitable conduct. *See* Dkt. No. 240 at 11–12. At that point, even Apple recognized that it

was foregoing inequitable conduct as a defense and represented as much to CCE and the Court.

*See* Fed. R. Civ. Proc. 16(d), 16(e); *see also Simon*, 891 F.2d at 1158 (holding that affirmative

defense was waived when not included in answer, not included in pretrial order, and not raised at

trial); *Morris*, 853 F.2d at 342 (holding that district court erred in granting relief on defense that

was not pleaded in answer, not raised in pretrial conference, and not included in pretrial order);

*contrast Allied Chem. Corp.*, 695 F.2d at 856 (holding that party did not waive defense when it

moved for summary judgment on the defense and included the defense in the pretrial order).

At trial, Apple continued to operate with the understanding that it had no inequitable

conduct defense. During the bench issue portion of the trial, CCE objected to a line of

questioning regarding 37 C.F.R. § 1.56 as being irrelevant to any claim at issue because it

potentially related only to an inequitable conduct that Apple had not pleaded. *See* 9/7/2016 p.m.

TT at 80:16–81:19. In response to CCE's objection, counsel for Apple assured the Court that the

line of questioning was related to the issue of unclean hands—a separate defense[3]—rather than

---

[3] Apple's unclean hands defense is separate from its inequitable conduct defense. In fact,
Apple's own post-trial briefing sets forth unclean hands and inequitable conduct in separate,
discrete sections. *See* Dkt. No. 354 at 5-8 (inequitable conduct), 8-10 (unclean hands); Dkt No.

arguing that the objection should be overruled because inequitable conduct was a live issue in

this case.  *See id.* at 81:10–11.  Thus, in response to the direct statement on the trial record that

Apple had waived an inequitable conduct defense, Apple did not disagree.  It is clear from the

pleadings, the Joint Pretrial Order, and the record of this case that Apple has always known and

conceded that it has no inequitable conduct defense.

### 2.   Apple Did Not Raise Inequitable Conduct at a Pragmatically Sufficient Time.

In addition to leaving inequitable conduct out of its answers, Apple did not raise the

defense at any time during discovery or pretrial proceedings.  Apple did not serve any

interrogatory responses identifying inequitable conduct as an affirmative defense, including in

response to an interrogatory inquiring about the bases of Apple's defenses and counterclaims.

*See* McManis Decl., Ex. C (Apple's Third Supplemental Responses to First Set of Common

Interrogatories, No. 9). Apple did not serve any expert reports on the issue of inequitable

conduct.  Apple did not file a motion for summary judgment or any other motion on the issue of

inequitable conduct.

---

356 at 27-31 (inequitable conduct), 31-33 (unclean hands).   Also, the Federal Circuit has
explained that while the inequitable conduct doctrine grew out of unclean hands cases, the new
inequitable conduct doctrine is different, and both defenses are separate.  *See Therasense*, 649
F.3d at 1287- ("The unclean hands cases of *Keystone, Hazel–Atlas,* and *Precision* formed the
basis for a new doctrine of inequitable conduct that developed and evolved over time….As the
inequitable conduct doctrine evolved from these unclean hands cases, it came to embrace a
broader scope of misconduct, including not only egregious affirmative acts of misconduct
intended to deceive both the PTO and the courts but also the mere nondisclosure of information
to the PTO.  Inequitable conduct also diverged from the doctrine of unclean hands by adopting a
different and more potent remedy—unenforceability of the entire patent rather than mere
dismissal of the instant suit….In line with this wider scope and stronger remedy, inequitable
conduct came to require a finding of both intent to deceive and materiality….This court
recognizes that the early unclean hands cases do not present any standard for
materiality….Though inequitable conduct developed from these cases, the unclean hands
doctrine remains available to supply a remedy for egregious misconduct like that in the Supreme
Court cases.").

As explained above, Apple did not present any contentions as to inequitable conduct in the parties' Joint Pretrial Order[4]—this alone is sufficient to find that Apple waived the defense. *See* FED. R. CIV. PROC. 16(d), 16(e); *Simon*, 891 F.2d at 1158; *Morris*, 853 F.2d at 342.  Should Apple now argue that it identified the defense in the Defendants' joint proposed Findings of Fact and Conclusions of Law (Dkt. No. 243 at 32–40), this argument fails.  First, that would still be too late for Apple to raise a new, unpleaded defense under Fifth Circuit precedent.  *See LSREF2 Baron*, 751 F.3d at 402.  Second, Apple cannot credibly claim ownership for these proposed findings of fact and conclusion of law on the issue of inequitable conduct, as this submission was filed before Apple was severed from the carrier defendants who ***had*** pleaded inequitable conduct.  And when CCE noted in its filing the parties' agreement, as also reflected in the Joint Pretrial Order, that Apple had no inequitable conduct defense (Dkt. No. 244 at 27, n.10), Apple never contested that fact.  Nor could it.  The parties had met and conferred on the Joint Pretrial Order just days earlier, and Apple acknowledged in that filing that it had no inequitable conduct defense.  Even if Apple now argues that, contrary to the parties' meet and confer, it covertly adopted its co-defendants' inequitable conduct allegations, the Court should not allow it.

Moreover, Apple's subsequent actions would belie any argument that it joined its co-defendants' allegations of inequitable conduct in their joint proposed Findings of Fact and Conclusions of Law.  At the final pretrial hearing, despite the case having been severed and knowing the statements in the Joint Pretrial Order and CCE's position as set forth in its Proposed Findings of Fact and Conclusions of Law, Apple never mentioned the possibility of an

---

[4] Apple did not even identify any witnesses for the issue of inequitable conduct.  *See* Dkt. 240 at Ex. B-1.  Even where Apple identified multiple expert witnesses on the topic of "unenforceability," none of them had provided a report with an opinion on inequitable conduct. *See id.*  Apple's subsequent amended witness lists also did not address inequitable conduct.

inequitable conduct defense.  Thus, prior to trial, Apple did not provide notice that it intended to raise such a defense.  At that point, all indications were that Apple was not pursuing an inequitable conduct defense.  And consistent with those indications, Apple did not raise an inequitable conduct defense during the presentation of evidence to either the jury or at the bench trial.  And as explained above, Apple did not refute the objection on the trial record that it had no inequitable conduct defense.

In sum, Apple had a number of opportunities to raise the issue in the last year and a half but did not do so.  Because Apple did not raise its unpleaded defense at a "pragmatically sufficient time," Apple prejudiced CCE's ability to respond, to the point of effectively preventing a response altogether.  Accordingly, the defense is waived.  *See LSREF2 Baron*, 751 F.3d at 398; *see also Ingraham*, 808 F.2d at 1079-80; *Simon*, 891 F.2d at 1158.

### 3.  Apple's Failure to Plead or Otherwise Raise the Issue of Inequitable Conduct Prejudiced CCE's Ability to Respond to the Defense.

Had Apple raised the issue of inequitable conduct at some reasonable time prior to trial, CCE would have had the opportunity to adjust its trial strategy and presentation to specifically introduce its own evidence on the issue.  For example, CCE could have adduced testimony from Mr. Sebíre, the inventor of the patent-in-suit, about what information he gave to his patent prosecutors and how or when that information was disclosed.  CCE could have introduced this and other testimony to show that there was no intent to deceive the Patent Office.  As another example, CCE might have called Mr. Dhiren Patel, who has knowledge of facts that may be relevant to a defense of inequitable conduct, including background on Nokia Siemens Networks' processes for disclosure of inventions, preparing patent application filings, and monitoring those filings.  CCE did not present this evidence precisely because Apple never raised inequitable conduct.  The first instance of Apple raising the defense of inequitable conduct occurs in its post-

trial briefing.  And "[e]ven assuming *arguendo* that [Apple] introduced evidence that was relevant to both its validity and its inequitable conduct defenses, this does not change the fact that [Apple] failed to give notice that it was pursuing the inequitable conduct issue." *See Union Carbide*, 308 F.3d at 1190.  As a result, CCE was prejudiced in its ability to respond by adducing its own testimony and other evidence at trial on this issue.  *See Union Carbide*, 308 F.3d at 1190; *see also Ingraham*, 808 F.2d at 1079-80; *Simon*, 891 F.2d at 1158.

### III.    CONCLUSION

Apple did not plead or give notice that it was pursuing an inequitable conduct defense—if it had, CCE could have taken that fact into consideration leading up to trial and addressed it by introducing its own evidence on the issue at trial.  Instead, Apple's late assertion of this unpleaded defense in post-trial briefing ensured that CCE would not have a fair chance to respond.  The Court should find that Apple waived this defense and strike the inequitable conduct portions of Apple's Rule 52 Motion (Dkt. No. 354) and Proposed Findings of Fact and Conclusions of Law (Dkt No. 356).

DATED:  October 31, 2016

Respectfully submitted,

*/s/ John Austin Curry*
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Ryan P. Griffin
ryan@nelbum.com
Texas State Bar No. 24053687
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax:  (817) 377-3485

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
**CALDWELL CASSADY & CURRY**
2101 Cedar Springs Road, Suite 1000
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Jeffrey R. Bragalone
Texas Bar No. 02855775
Terry A. Saad
Texas Bar No. 24066015
Jonathan H. Rastegar
Texas Bar No. 24064043
Stephanie R. Wood
Texas Bar No. 24057928
**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
tsaad@bcpc-law.com
jrastegar@bcpc-law.com
swood@bcpc-law.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
**WARD, SMITH, & HILL PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR CELLULAR
COMMUNICATIONS EQUIPMENT LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on October 31, 2016, the foregoing document was served on counsel of record via email.

*/s/ John Austin Curry*
John Austin Curry

<u>**CERTIFICATE OF CONFERENCE**</u>

I certify that on October 28, 2016, counsel for CCE conferred with counsel for Apple by email.  Apple indicated its opposition to the relief requested in this motion by reply email on October 29, 2016.  Counsel for both parties also conferred via telephone on October 31, 2016, and on that call, Apple confirmed its opposition to the relief sought in this motion.

*/s/ John Austin Curry*
John Austin Curry