IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>  Plaintiff,<br><br> v.<br><br> **HTC CORPORATION, ET AL.,**<br><br>  Defendants. | Civil Action No. 6:16-cv-475-RWS-KNM<br><br>**JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>  Plaintiff,<br><br> v.<br><br> **ZTE CORPORATION, ET AL.,**<br><br>  Defendants. | Civil Action No. 6:16-cv-476-RWS-KNM<br><br>**JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>  Plaintiff,<br><br> v.<br><br> **APPLE INC., ET AL.,**<br><br>  Defendants. | Civil Action No. 6:14-cv-251-KNM<br><br>**JURY TRIAL DEMANDED** |

**CELLULAR COMMUNICATION EQUIPMENT LLC'S
UNOPPOSED MOTION TO CONSOLIDATE CASES FOR PRETRIAL**

Cellular Communications Equipment LLC ("CCE") respectfully moves the Court to open a new civil action for proceedings against Apple involving U.S. Patent No. 7,941,174 that were severed from *CCE v. Apple Inc., et al.*, No. 6:14-cv-251-KNM (the "**Apple '174 proceedings**") and consolidate that newly-created action with *CCE v. HTC Corp., et al.*, No. 6:16-cv-475-RWS-KNM (the "**HTC case**"), *CCE v. ZTE Corp., et al.*, No. 6:16-cv-476-RWS-KNM (the "**ZTE case**") up to (but not including) final pretrial conferences, and to set a scheduling conference for the newly-consolidated action.

## I.   BACKGROUND

CCE filed its original complaints in the *HTC* and *ZTE* cases on May 31, 2016, alleging that HTC, ZTE, AT&T, Verizon, Sprint, and T-Mobile infringe U.S. Patent Nos. 8,055,820 (the "'820 patent"); 8,385,966 (the "'966 patent"); and 9,037,129 (the "'129 patent"). CCE's complaints in the *HTC* and *ZTE* cases also allege that HTC, ZTE, AT&T, and T-Mobile infringe U.S. Patent No. 7,941,174 (the "'174 patent"). Defendants in those cases have answered CCE's complaints, and CCE filed a Notice of Readiness for Scheduling Conference on October 25, 2016.[1] CCE served its Disclosure of Asserted Claims and Infringement Contentions in the *HTC* and *ZTE* cases on January 20, 2017.

CCE asserted the '174 patent against Apple on April 7, 2014, when it filed its original complaint in *CCE v. Apple Inc., et al.*, No. 6:14-cv-251-KNM. On September 22, 2015, CCE and all defendants in the then-consolidated lead case (6:13-cv-507) sought to stay all claims and issues pertaining to the '174 patent pending *Inter Partes* Review. The Court granted the stay and ordered that "all claims and issues pertaining to U.S. Patent No. 7,941,174 are stayed."[2] The

---

[1] *HTC* case (No. 6:16-cv-475), ECF 61; *ZTE* case (No. 6:16-cv-476), ECF 53.
[2] No. 6:13-cv-507, ECF 470.

PTAB subsequently issued a final written decision holding that the Petitioner had not shown that claims 1, 6, 9, 14, 18, and 19 of the '174 patent were unpatentable.[3]

On August 31, 2016 CCE filed a motion in *CCE v. Apple*, No. 6:14-cv-251-KNM, asking the Court to sever claims regarding the '174 patent into a newly-created action and set the new case for scheduling conference at the same time as the *HTC* case and *ZTE* case.[4]  At the final pretrial conference in *CCE v. Apple*, No. 6:14-cv-251-KNM, the Court granted CCE's motion to sever the '174 patent and ordered CCE and Apple to continue meeting and conferring about how to move claims regarding the '174 patent forward.[5]  CCE and Apple have since met and conferred and have agreed to consolidate the *Apple* '174 proceedings with the *HTC* and *ZTE* cases for pretrial purposes only, subject to conditions set forth in a stipulation between CCE and Apple to avoid duplicative discovery.  A new action for the severed *Apple* '174 proceedings has not yet been opened for that purpose.

## II.   ARGUMENT

CCE requests that the Court open a new case for the *Apple* '174 proceedings.  After a new case for the *Apple* '174 proceedings is opened,[6] it should be consolidated with the *HTC* and *ZTE* cases for pretrial purposes only.  Consolidation is appropriate where two actions "involve a common question of law or fact."  FED. R. CIV. P. 42(a).  Consolidation under Rule 42 is left to the Court's discretion.  *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012); *see also York v. Union Pac. R.R. Co.*, No. 9:07-cv-169, 2007 U.S. Dist. LEXIS 97992, at *3 (E.D. Tex. Nov. 19, 2007) ("Cases may be consolidated in the Court's discretion to expedite proceedings or to

---

[3] Verizon and Sprint are not accused on the '174 Patent for any Apple, HTC, or ZTE products.
[4] No. 6:14-cv-251, ECF 257.
[5] *CCE v. Apple*, No. 6:14-cv-251, Final Pretrial Hearing (9/1/2016) Tr., at 9:18-25.
[6] CCE does not seek to lift the stay of claims as to the relevant Carrier Defendants, AT&T and T-Mobile, in the newly-created action for the *Apple* '174 proceedings.

eliminate unnecessary repetition and confusion."). The following factors are considered when determining whether consolidation is appropriate: "whether (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is a risk of prejudice or confusion if the cases are consolidated and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages." *U.S. v. Homward Residential, Inc.*, No. 4:12-cv-461, 2016 U.S. Dist. LEXIS 24300, at *6 (E.D. Tex. Feb. 29, 2016). Each of these factors favors consolidation.

Factors 1-3 favor consolidation. The *HTC* case, *ZTE* case, and *Apple* '174 proceedings are each pending in Tyler and assigned, or referred, to Judge Mitchell; involve CCE and common network operator/carrier defendants; and share common questions of law and fact related to, for example, the scope, infringement, and validity of the '174 patent.

Factors 4 and 5 also favor consolidation. There is no risk of prejudice or confusion if the *HTC* case, *ZTE* case, and *Apple* '174 proceedings are consolidated for pretrial, and consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately. For example, consolidation will reduce the number of hearings required to resolve claim construction issues pertaining to, and dispositive motions concerning, the validity of the '174 patent's claims. Factor 6 also favors consolidation. There is no framework in place for how the parties will litigate their claims related to the '174 patent (no scheduling conference has been set), and the parties have undertaken little, if any, discovery specific to the '174 patent.

### III.  CONCLUSION

Consolidation will prevent wasteful and duplicative efforts in litigating identical issues of law and fact.  For the reasons discussed above, CCE asks that the Court open a new case for the *Apple* '174 proceedings, consolidate the new case with the *HTC* and *ZTE* cases for pretrial purposes only, and set a scheduling conference for the newly-consolidated action.

Dated: February 24, 2017                                    Respectfully submitted,

/s/ Ed Nelson III
Ed Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Ryan P. Griffin
ryan@nelbum.com
Texas State Bar No. 24053687
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
Nelson Bumgardner PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

Bradley W. Caldwell
Texas Bar No. 24040630
bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
acurry@caldwellcc.com
Caldwell Cassady & Curry
2101 Cedar Springs Road, Suite 1000
Dallas, TX 75201
Phone: (214) 888-4848
Fax: (214) 888-4849

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill

        Texas State Bar No. 24032294
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        Ward, Smith, & Hill PLLC
        P.O. Box 1231
        1127 Judson Rd. Ste. 220
        Longview, Texas  75606-1231
        (903) 757-6400
        jw@jwfirm.com
        wh@wsfirm.com
        claire@wsfirm.com

**ATTORNEYS FOR CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) and this motion is unopposed.

        /s/ *Ed Nelson III*
        Ed Nelson III

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all parties of record on February 24, 2017 via the Court's CM/ECF system.

        /s/ *Ed Nelson III*
        Ed Nelson III